### Brown v. J. & T. Simpson, Surviving Partners.

1. A writ returnable at a wrong term of the Court, or at a time when no term is to be holden, is absolutely void.
2. After a defendant has made appearance to an original writ, he cannot take advantage of any irregularity thereof; but when there are two persons plaintiff, and the language from which the defendant's appearance is sought to be inferred, is that "the parties appeared by their attorney, and the defendant failing to plead or demur," &c. the most reasonable conclusion is, that the plaintiffs only appeared by their attorney, and that the defendant was in default.
3. If however the defendant in sci. fa. appear and make default, it would not preclude him from taking advantage in error, of a defect in the ca. sa. against one for whom he was bail.
4. But after the defendant appears to a sci. fa. he will not be allowed to controvert its service on him, in the mode prescribed by law.
5. The return of a ca. sa. "not found," is the foundation of the liability of bail, and if the process has not been regularly sued out and returned, the bail is not bound to notice it.

This was a proceeding by *scire facias*, in the County Court of Lauderdale county, in the name of John and Thomas Simpson, surviving partners of Alexander Mc-Fadden against David Brown.

Brown had become security in a bail bond, required of the defendant in an action of debt by said partners against William H. Middleton, previously commenced in said Court, and prosecuted to judgment against said Middleton. A *capias ad satisfaciendum*, tested the 1st day of November, 1827, had issued on said judgment against Middleton, returnable to a term of said County Court, to be holden on the first Monday in January, 1827, which the sheriff returned *non est inventus*. Upon these proceedings, the *scire facias* was founded, which was made known to Brown, who interposed no objection of law or of fact, a rendition of judgment against him in the Court below, but sued out a writ of error to this Court, where he filed several assignments of error, only one of which was considered by this Court in disposing of the case, to wit: that the *capias ad satisfaciendum* against Middleton, was returnable to a time that had passed before its issuance,

William B. Martin, for plaintiff in error. I will not notice all the assignments of error. The 3d assignment is, that the order to hold to bail was not signed by the clerk, but by the attorney for plaintiff below. At that time, May, 1825, the clerk had no power to take affidavits to hold to bail. It has been given to him since.[a]

[a] Acts of 1825, —6, page 13.

JANUARY 1831

Brown
v.
J. & T. Simpson, surviving partners.

Although the bail might have moved for his discharge, yet as he was not liable at first, for want of proper proceedings, all is void. This is similar to an affidavit made at the suing out of a commission to take testimony; it may be termed a condition precedent; the foundation of all subsequent proceedings against the bail. Bail is not bound to demand a discharge at the return term of the *capias ad respondendum.* There exists no sufficient reason for such a rule.

It is alleged in the *scire facias,* that the judgment debt against Middleton was unsatisfied. In a declaration in an ordinary suit, it would be error if it did not so appear by allegation. Always, enough must be stated by the plaintiff, to shew to the Court in himself a clear *prima facie* cause of action. This is not done by the *scire facias,* in the present case.

But there are other irregularities in the foundation of this proceeding, which subvert the superstructure. The *capias ad satisfaciendum* against Middleton, was made returnable to an impossible day, a day that had transpired before the issuance of the writ; and if by presumption, it can be treated as returnable to January 1828, still it is error; for by law, no term of the Court was holden at that time. In either view, it presents an error that is incurable.[a]

*a* Minor's Ala R. 289.

Again, the items of costs claimed by the *scire facias,* should have been specified. Nor was the undertaking of Brown as appearance bail in the County Court, to pay costs incurred on appeal to the Circuit Court. Judgment against him for these costs is improper.

HOPKINS, for defendants. I will notice three of the assignments conjointly; 1st. as to the clerk's taking the affidavit to hold to bail; 2d. as to the attorney's signing the order to hold to bail; and 3d. as to the service of the *scire facias* in the presence of witnesses. As early as 1823, the law on the subject of bail was changed. Thereafter, an affidavit was necessary to hold a defendant to bail, and under the statute, the affidavit might be sworn before the clerk, and the order for bail might be signed by plaintiff's attorney. Strictly under the former statute, and now by the statute of 1826, two persons are not necessary as witnesses of the service of a *scire facias.* But if it were otherwise, it is fairly to be presumed from the sheriff's return of *scire feci,* that the service was regular.

JANUARY 1831

Brown
v.
J. & T. Simpson, surviving partners.

It is objected, that the amount and items of costs are not stated.   But the costs could have been rendered certain, and therefore in legal contemplation, they were sufficiently stated.   In *Sanders & Fenwick v. Rives*,[a] a similar assignment was not sustained.

It is also objected, that the *ca. sa.* was returnable to the January, previous to its issuance.   If the Court should believe that the bail can assign this for error, then I contend that it is a clerical error, and that the writ should be treated as returnable to the next term of the Court below, which is fixed by law.   The *ca. sa.* uses the expression, "next term" of the Court, which is sufficient.   In the case of *Gibson v. Laughlin*,[b] a similar objection was considered and overruled.   But surely bail cannot take advantage of any such irregularity.   If the process was voidable, the party only, not the bail, can take advantage of the defect in it.

Another objection is, that the *ca. sa.* was returned too soon.   This I need not argue; but I will notice another, that it is not averred in the *scire facias*, that the money claimed, had not been paid.   The *scire facias* should be short, stating nothing but the substantial matters of the record of the suit against the principal, on which the liability of the bail is founded.   This has been done in this case.   The bail has nothing to do with the death of Mc-Fadden; the error of not making that properly appear, if any exists, cannot be corrected here.   If the party acquiesces in the judgment, and seeks no reversal of it, surely bail cannot.   In *McBroom v. Sommerville*,[c] this point was determined.

a Ante 109,

b Minor's Ala R. 182.

c 2 Stewart R. 515.

WILLIAM B. MARTIN, in reply.   The costs incurred in the Circuit Court, on the appeal by Middleton, are yet claimed of Brown, the bail.   If there had been a *supersedeas* on that appeal, there is no doubt the bail would have been discharged.   But as there was none, the subsisting judgment might have been executed.   We are willing to admit it was superseded, but it does not so appear of record in this proceeding.   The sum and items of the costs claimed in the *sci. fa.* should have been set forth with certainty, so that their correctness could be investigated.

I am not yet satisfied as to the want of an averment, that the judgment sought to be enforced in this proceeding, was not paid.   That is a fact, though it exists, not within our knowledge, but in the knowledge of the plain-

JANUARY 1831 tiffs peculiarly, and of the defendant in the original suit. The bail cannot be presumed to know it. Then if it be true, there was no ground for this action, and nothing to dispute about. The case of *Gibson v. Laughlin*, is not similar to this. The point was not fully examined in that case. Proceedings against bail should be strictly construed; he is a surity; one forced to be given by proceedings against the natural liberty of the citizen. Therefore any error or irregularity in the plaintiff, discharges the bail; for, undertaking to enforce a rigid law, he is bound strictly to pursue its requirements.

Brown
v.
J & T Simpson, surviving partners.

By LIPSCOMB, Chief Justice.    There were many points made by the plaintiff in error in this case, only one of which will be noticed.    It is contended that the *capias ad satisfaciendum*, issued against Middleton, the defendant in the original suit, is a void process, and that consequently Brown, the plaintiff in error, who was his bail, is not liable.    By reference to the record, it will appear that a *capias ad satisfaciendum* issued on the 1st day of November, 1827, returnable to the next term of the Court, to be holden on the first Monday in January of the same year.    There can be no doubt that a mistake was made by the clerk in making the writ returnable at a term already passed.    It must have been designed for January in the next year.    In this however, he was still mistaken, as the next term of the Court after the issuance of the process, would have been in December, and not in January.    If a writ is made returnable at a wrong term of the Court, or at no term, argument would hardly be required to prove that it was absolutely void.    It is true that after a party has made his appearance in Court to an original writ, he is not permitted to take advantage of its irregularity, because the office of the writ has been performed by such appearance in Court.    The record in the case before us, states that "the parties appeared by their attorney, and the defendant failing to plead or demur to the plaintiffs' *scire facias*, &c."    The phraseology of the clerk's entry, leaves it doubtful whether both plaintiffs and defendant appeared, or the plaintiffs only by their attorney.    But the most reasonable conclusion from the terms used, is that the plaintiffs only appeared by their attorney, and that the defendant was in default.    If however it was clear that the defendant appeared to the *scire facias*, and permitted judgment by default to go against him, it would not have precluded him

from taking advantage of the defective *ca. sa.* that had been sued out against Middleton, his principal. Such appearance would have been only a waiver of the defective service of the writ of *scire facias.* After his appearance in Court, he would not be allowed to say that the *scire facias* had not been served on him in the mode required by law. The return of the *ca. sa.* not found, is the foundation and pivot, on which the liability of bail turns. If the *ca. sa.* has not been regularly sued out, although returned not found, the bail is not bound to notice it. A majority of the Court are therefore of opinion, that the judgment must be reversed.

JUDGES SAFFOLD, CRENSHAW and WHITE, dissenting.

Judgment reversed.