## DOSWELL, ET AL. V. STEWART.

1. In a proceeding under the act of 1843, "to establish lost records in Henry county," there appeared on the notice to the defendants, an acknowledgment of its service on one of them, with the words "and proved" written in the same sentence and immediately following; but this indorsement was dated previous to the notice being placed in the sheriff's hands, and the sheriff did not affirm by his return its execution on this defendant. The judgment entry however recited *that the parties in interest had notice of the proceeding: Held,* that in this condition of the record, it must be intended on error, that the parties to the judgment were before the primary court for its action.

2. The power of supplying a new record where the original has been lost is one which pertains to courts of general jurisdiction, independent of legislation, and if the notice of the motion for leave to substitute it, is explicit in describing a judgment and papers alledged to be lost, it is sufficient, though it does not conform to a statute which provides for such a proceeding.

3. Where the judgment and papers of the cause which were lost, are supplied by others, the order permitting it will not be reversed on error at the defendant's instance, though the substituted judgment is for less than the cause of action indicated by the declaration, and the primary court having ascertained that payments had been made on the original judgment, directed an execution to issue for only so much as was unpaid, it cannot be affirmed that there is an error; or if there is, it is beneficial to the party complaining.

Writ of Error to the Circuit Court of Henry.

THIS was an action of assumpsit on a promissory note at the suit of the defendant in error against the plaintiffs. It appears from the record that a judgment was recovered against the defendants below; and that subsequently all the papers and proceedings in the cause were destroyed by fire. The writ, declaration and judgment have been substituted, professedly under the authority of a special act of the legislature, and the questions now presented arise out of the proceedings under that statute.

J. E. BELSER, for the plaintiff in error. The act of 1843,

to establish lost records in Henry county, must be construed with the utmost strictness, every direction it prescribes must be pursued; and if after investigation and proof the matter is uncertain, the loss cannot be supplied. [8 Ala. Rep. 300.]

The judgment substituted, is for an amount different from that originally rendered, and is unsupported by the writ and declaration. It was not proved which of the defendants was a non-resident, though the order of publication found in the transcript, affirms such to be the fact—nor was the service of notice on Freeman established by proof.

No counsel appeared for the defendant in error.

COLLIER, C. J.—It is objected by the appellants that one of the defendants below, Caven Freeman, was not served with notice as the statute of 1843 " to establish lost records in Henry county" directs, and that the substituted judgment is for an amount different from that originally rendered.

There is indorsed on the notice an acknowledgment of service by the defendant referred to, dated previous to the time when it was delivered to the sheriff, and the return does not affirm that it was executed on the defendants generally. It was then necessary that its execution should have been proved.

The judgment entry recites that the commissioners reported the substituted papers, &c. which " were read and heard by the court, and there being no exceptions or objections taken thereto, the said parties in interest having notice thereof. It is considered," &c. Whether we consider the proceeding in reference to the statute or the common law, a notice is indispensable to its regularity, and this should be shown either by the return of an officer upon a formal notice, or by an affirmation of the fact upon the record.

We have repeatedly held that a recital in the judgment that the parties came by their attorneys, was sufficient to authorize an appellate court to infer that the defendant appeared, although the process was returned " not found." Is not an affirmation in the final action of the court in a case like the present entitled to equal credence, and shall we not ac-

Doswell, et al. v. Stewart.

cord to it verity; especially when immediately following the acknowledgment of service to which the name of Freeman is subscribed, we find the words " and proved." If neither of these when taken singly are sufficient to prove notice, when taken together we think they cannot be disregarded.

The notice in the transcript does not conform to the second section of the act referred to, yet it is explicit in describing the judgment and papers which are alledged to be lost, and required the defendants to appear at court on a day designated, and show cause why they should not be substituted. This was quite sufficient according to the requirements of the common law. And it was held by this court in McLendon v. Jones, 8 Ala. Rep. 300, that the power of supplying a new record where the original has been lost, is one which pertained to the circuit courts independent of an express authority from the legislature; and might be exercised in virtue of the full and plenary powers with which they are invested to " minister ample justice to all persons according to law."

It is objected that the judgment does not conform to the substituted declaration. True, the judgment is for a less sum than the note declared on, yet it may well be intended that the note had been reduced by payments, or that the judgment was for as much as the plaintiff claimed. But however this may be, if there is an error, it is beneficial to the plaintiff, and he cannot complain.

*Again:* after establishing the lost papers and the judgment, the court ascertains that the greater part of the judgment had been satisfied, and orders that the plaintiff shall have execution for the unpaid balance. If in this there is error, it is for the advantage of the defendants, and furnishes no ground for the reversal of the judgment at their instance. This view is decisive of the case, and the consequence is, the judgment is affirmed.