MURRAY & DURAND, Ex'rs, vs. TARDY.

1. When the transcript of a record contains a judgment only, and the clerk certifies "that the same is *all the record* of said cause on file, the balance being lost or mislaid," the existence of a writ, declaration and plea cannot be presumed from the recitals in the judgment entry that the parties appeared in court by their attorneys, and joined issue, and that the jury returned a verdict for the plaintiff.

2. After the rendition of a judgment, the defendant is entitled to notice of a motion by the plaintiff for leave to substitute papers and file them as a part of the record of the cause.

ERROR to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

G. N. STEWART, for plaintiffs in error:

1. The substituted papers cannot be recognized as parts of the record. The order to substitute is erroneous, because, 1st, it was made without any proof of the loss, and it is not shown whether the loss was before or after judgment; 2d, it was made without notice to the defendants below; 3d, it is general and too broad; it allows plaintiff to file what he pleases, without any proof or restriction, whether similar to the papers supposed to be lost or not; 4th, it is confined to plaintiff, and does not extend to the defendants, nor to supply the whole record. The substituted papers do not appear to be filed under the order, nor does it appear they were authorized to be filed.—Doswell v. Stewart, 11 Ala. 629; McLendon v. Jones, 8 ib. 298; Dozier v. Joyce, 8 Por. 303; Williams v. Powell, 9 ib. 493.

2. It does not appear that the papers existed at the time the judgment below was rendered, therefore the judgment is erroneous. But if they did then exist, and were lost afterwards, then the court cannot affirm, but must dismiss the writ of error; so that a new writ of error may be sued out when the whole record is properly substituted.

PERCY WALKER, contra:

1. The order of the Circuit Court for the substitution of the papers was proper.—5 Ala. 608. To sustain a judgment, every thing compatible with the record will be presumed; hence it follows, that the order for substitution will be presumed to have been made upon the proper application and proof.—3 Stew. 444; 11 Ala. 590; 1 Por. 479; 1 Ala. 80-182; 14 S. & R. 220; 3 Dana, 454.

2. Every reasonable intendment will be made in favor of the regularity of the proceedings of courts of general jurisdiction.—3 Ala. 109-632; 1 J. J. Mar. 609. Though no plea appears in the record, the judgment will be supported. The entry showing that the parties appeared in court, joined issue, and that the jury found for the defendant in error, it will be presumed that a plea was filed, &c.—2 Ala. 287; Ib. 337; 3 ib. 632; 3 S. & P. 431-269; 7 Port. 33; 18 Ala. 629; 2 S. & P. 141; 3 Por. 387; 3 Dana, 454.

3. The rule in regard to judgments by default, when no declaration appears, does not apply here; but every thing ne-

cessary to uphold the judgment will be presumed, and it will therefore be intended that there was a writ, declaration, &c.—3 Ala. 557; 6 Por. 352; 15 Ala. 841; 21 Wend. 40; 17 Ala. 278-9.

COLEMAN, J.—Two transcripts of record are filed in this cause. In the first transcript the clerk certifies a judgment only, and that the same is all "the record of said cause on file, the balance being lost or mislaid."

The counsel for the plaintiff in the court below insists that the judgment ought to be sustained, because the entry shows that the parties appeared in court, joined issue, and the jury found a verdict for the plaintiff, and that hence the existence of a writ, declaration and plea should be presumed. We do not think we are authorized to go so far, and in that aspect of the case, must declare the judgment erroneous.

In the second transcript, it appears that after the writ of error was sued out, to-wit, on the 16th of January, 1851, an order was made in said cause in the court below, in these words: "Ordered by the court, that the plaintiff have leave to substitute papers, to-wit, writ, declaration, &c., in this cause, and that he file them as part of the record of said cause."

There is nothing in the record showing that the defendant had any notice of this proceeding, and the question arises whether it can be sustained without such notice? There seems to be some contrariety in the opinions heretofore expressed by this court on this subject. In the case of Wilkinson et al. v. Branham, 5 Ala. 608, it was held, that though it is proper to require notice to be given to the defendant, that a motion will be made to substitute a declaration; yet if the court grant the motion without a previous notice, its action will not be considered as void or irregular. The cases of Dozier v. Joyce, 8 Port. 303, and Williams v. Powell, 9 ib. 493, go strongly to show the necessity of notice. In the case of McLendon v. Jones, 8 Ala. 298, the judge, in speaking of the rights of our courts by the common law to substitute lost records, says, "Of course the substitution can only be made, after a personal notice of the intention to move the court, and this notice should be sufficiently explicit to advise the opposite party of what is intended." In Doswell v. Stewart, 11 Ala. 629, the Chief Justice says: "Whether we consider the proceeding in reference to the statute or the common.

law, a notice is indispensable to its regularity, and this should be shown either by the return of an officer upon a formal notice, or by an affirmation of the fact upon the record."

It is certainly a most important legal rule, and altogether essential to the proper administration of justice, that whenever a party's rights may be acted on by a court, he should have notice thereof, that he may appear and cross examine the witnesses and defend his interests. The decision in the case of Wilkinson et al. v. Branham seems to be founded on the supposed legal presumption, that after a judgment the parties are still in court and conversant of all that may be further done in the case. This, however, is well known not to be true in the practice of the courts of this State; and if a party should be allowed after judgment to substitute a record, without actual notice, the adverse party would be deprived of the important legal right of having an opportunity of questioning its loss and disputing the truth of the secondary proof.

The judgment is reversed and the cause remanded.

DARGAN, C. J., not sitting.