## YONGE *vs.* BROXSON.

1. When the clerk's name is subscribed to a writ, to which is attached an affidavit that the name was subscribed by the affiant by authority of the clerk, the affiant must be taken to have been the clerk's deputy, and the writ is properly issued.

2. It is not necessary that a writ should on its face specify the place at which the court is to be held, or the first day of the term to which it is returnable; these are fixed by law, and suitors are presumed to be cognizant of them.

3. The fact that a writ is addressed "to any lawful officer" of a specified county, instead of "any sheriff of the State of Alabama," is matter of abatement only, and not available on error.

4. From the time the original process is served, until the final judgment, the parties are presumed to be in court, and need no further notice of the orders there taken in reference to the case.

Yonge v. Broxson.

5.  The motion docket is a book of the court required by law to be kept by the clerk, and the entries in it may be looked to as showing the orders taken by the court, and are sufficient evidence to authorize the rendition of judgment *nunc pro tunc.*

ERROR to the Circuit Court of Coffee.

The record does not show the name of the presiding judge.

On the 12th day of March, 1851, Broxson sued out a capias in assumpsit against Yonge, returnable to the Circuit Court of Coffee County, which was executed on the 18th day of the same month, and returned into the office of the clerk of said court.

On the 1st day of April, 1851, a copy of the original writ, accompanied by the affidavit of James Claxton, who deposes that he issued it by authority from the clerk, and that it had been destroyed by fire after its service on Yonge and return by the sheriff, and a notice signed by Buford & Pugh, attorneys for Broxson, that at the Spring term, 1851, of the Circuit Court of Coffee County, a motion would be made to that court for leave to substitute and establish such copy writ and endorsements, instead and in lieu of the original writ, which had been destroyed by fire, was executed on the 31st March, 1851, as appears by the sheriff's return.

In the record of the proceedings of the Spring term, 1851, of said Circuit Court, it appears that a motion was made in pursuance of said notice ; and across the face of the motion, as written out by the attorneys, the word " granted " is written in the hand-writing of the presiding judge.   At the same term, it appears, a declaration was filed ; but no entry on the minutes allowing the substitution of the papers was made at this term.

The next entry in the record does not show at what term it was made, but recites the motion made at the Spring term, 1851, and that it had been granted; and that by omission of the clerk no entry thereof had been made on the minutes of that term, and that record evidence of that fact was exhibited to the court; that the plaintiff moved that said entry, allowing the substitution of the writ and returns, be entered *nunc pro tunc.*   Then follows an order in form, *nunc pro tunc,* in pursuance of the motion.

The next entry is dated as of the Spring term, 1852, and is a judgment by default.

Yonge v. Broxson.

To reverse this judgment the case is brought to this court by writ of error, and it is here assigned for error :

1. That the court below had no jurisdiction to render the judgment against the plaintiff in error, because no valid process had been served upon him, and no sufficient legal notice had been given him.

2. The court below erred in its order allowing the substitution of the writ and return thereon.

3. The court erred in making each order in the case.

4. The court erred in not entering judgment of discontinuance, and not striking the case from the docket, there having been no action of the court on the supposed notice at the Spring term, 1851.

BELSER & RICE, for plaintiff in error :

1. Where the judgment is by default, although there may be a declaration, yet, if there is no valid writ, the judgment will be reversed. The jurisdiction of the court does not exist to render a judgment by default, unless there is a valid writ and valid service of such valid writ.—Murray v. Tardy, 19 Ala. R. 710 ; Welch v. Walker, 4 Por. R. 120; Oneal v. Garrett, 3 Ala. R. 276.

2. The pretended writ in this case, is wholly insufficient to give the court jurisdiction, for the following reasons : I. It is not issued by the clerk of the court, or by the deputy clerk "in the absence of the principal," but was issued by one James Claxton.—Clay's Dig. 334 § 123 ; Clay's Dig. 146 § 19; Stone v. Harris, Minor's R. 32. II. It is not "returnable to the first day of the term," nor to any regular term, but is returnable to " the next Circuit Court to be held for Coffee County," which would include a special court as well as a regular term. And no writ can be made returnable to a special court.— Clay's Dig. 334 § 123. III. He does not mention " the place of holding " the court.—Wragg v. Bank, 8 Porter's R. 195. IV. It is not directed to "any sheriff of the State of Alabama," but to "any lawful officer of Coffee County." The direction is an essential part of the writ, and the direction here conferred no authority on the sheriff.—Clay's Dig. 336 § 132 ; Gresham v. Leverett, 10 Ala. R. 384.

3. The pretended notice to substitute was wholly insufficient

to authorize the court to act, for the following reasons : I. It is "process," and being issued "while the court was sitting" at its Spring term, 1851, "or within five days before the beginning" of that term, it should have been made returnable to "the term next after that," to-wit: the Fall term, 1851.— Clay's Dig. 334 § 126. II. It showed a void writ, and therefore might be disregarded. III. It was not issued until one day after its pretended service. IV: It does not call on plaintiff in error " to show cause why said pretended copy writ should not be substituted, but merely says said Broxson will make a certain motion. It is essential to such notice, that it should in substance notify the defendant that the motion will be made, and call on him to show cause why the motion should not be granted. V. It is essential to such notice, that it should name some particular day' of the term when the motion will be made, but it may add, " or as soon thereafter " &c., (that is, after the day specified.) The notice here is too general and indefinite. It names no day when the motion will be made, but says, " at the Spring term, 1851, or as soon thereafter," &c., (that is, after the Spring term, 1851.) If such a notice is good as to a term of one week's duration, it is good as to a term of four week's duration. Such a notice, is a nullity.—Armstrong v. Robertson, 2 Ala. R. 164 ; 10 U. S. Dig. 213 § 66 ; Shehan v. Hampton, 8 Ala. R. 942 ; Murray v. Tardy, 19 Ala. R. 710 (which explains Wilkenson v. Branham, 5 Ala. R. 608, relied on for defendant in error.)

4. The entry *nunc pro tunc* is a nullity, or reversible. It does not appear to have been made before the judgment·by default. And as this is a matter which goes to the jurisdiction—as the court had no jurisdiction after judgment by default to make the entry *nunc pro tunc*, without notice to plaintiff in error, this court will not intend or presume any thing which does not appear of record.—Murray v. Tardy, 19 Ala. R. 710.

5. The proceeding under the notice was discontinued by the failure to have an entry made at the Spring term, 1851, and the failure to show when the judgment *nunc pro tunc* was granted—whether before or since the judgment by default.—Armstrong v. Robertson, 2 Ala. R. ; Drinkard v. The State, 20 Ala. R.

6. Each order and judgment, is either a nullity or reversible

for error. The remarks and commentaries of the clerk in ma-ing out the transcript cannot be regarded, but will be treated as no part of the record; for instance, the clerk remarks, " and on the original notice, with the above affidavit and copy writ an-nexed, is endorsed the following return." Again; " and across the face of the entry last above is written, in the hand writing of the judge presiding at the said Spring term, the word ' gran-ted.' " All such commentaries of the clerk are extra-official, gratuitous and unauthorized, and cannot be looked to. Plaintiff in error moves to strike them out.—Carroll v. Pathkiller, 3 Por. R. 279.

J. BUFORD, *contra:*

1. As to the alleged inconsistency, that the notice of substitu-tion is dated April 1, and executed the day before : It is a mere clerical error in post-dating the notice, and is amendable in this court at costs of plaintiff in error.—Wade v. Kelly, 2 Stewart 443 ; Grant v. Pettybone, *ib.* 445 ; Moody v. Keenan, 9 Por-ter 252.

2. Declaration was allowed to be substituted, after judg-ment, without notice, in Wilkinson v. Branham, 5 Ala. 608. Other cases of substitution are to be found in 8 Porter 303 ; 9 *ib.* 252, 493.

3. The notice is sufficient.—McLendon v. Jones, 8 Ala. 298.

LIGON, J.—The exceptions taken to the proceedings in this case, may be classed under two heads : first, objections to the original writ ; and second, objections to the action of the court in allowing the substitution, and rendering the judgment by default.

As to the writ it is urged, first, that it was not issued by the clerk of the court out of which it purports to come ; secondly, that it is not returnable to the first day of any regular term ; thirdly, that it does not name the place at which the court will be held ; and, fourthly, that it is not directed " to any sheriff of the State of Alabama."

As to the first of these objections, it is sufficiently answered by the face of the writ itself, and the affidavit of Claxton at-tached to the copy proposed to be substituted. The former is subscribed with the name of the clerk, and the latter establish-

es the fact that this name was subscribed to it by the affiant, who had authority to do so. He must be taken to have been a deputy of the clerk.

The second and third objections are also untenable. It is true, the writ is not, in so many words, returnable to the first day of any term of the court, but it reads "before the next Circuit Court to be held for Coffee County." When a process is made returnable to the next term of the court after its issue, it must be held to mean the first day of such term, and the term mentioned to be the first regular term öf the court succeeding its date, if, as in this case, it was issued more than five days before the session of a regular term.

The law appoints the time when the several Circuit Courts in this State shall hold their sessions, as well as the places at which they must be held; and requires that all writs of *capias ad respondendum* shall be returned into the clerk's office of the court from which it issues, on the first day of the term to which it is returnable. It is not necessary that the day or Monday of the month, or even the month itself, when the court is to be held, should appear by the writ; nor is it important that the town, village, or place at which the court holds its sessions should be inserted in it. Suitors are presumed to know these things, without being advised of them by the process of the court.—Clay's Dig. 334 §§ 122, 123; *ib.* 336 §§ 132, 133.

The fact that the writ is addressed " to any lawful officer of Coffee County," and not "to any sheriff of the State of Alabama," is not available on error, as it is at most only matter in abatement, of which the party did not seek to avail himself in the court below. The notice and motion for leave to substitute the writ are regular, and meet all the requirements of our previous decisions.—McClendon v. Jones, 8 Ala. 298. Indeed, no notice was necessary, as the case was *in fieri* when the original writ was destroyed.—Ganaway v. The State, at the present term.

It is, therefore, unnecessary to consider further the objection taken by the plaintiff in error to the service of the notice by the sheriff. From the time the process is served, until the final judgment, the parties are presumed to be in court, and need no further notice of the orders there taken in reference to the case.

84

It is further urged, that, if the notice and motion to substitute were regular, the motion was discontinued by the failure of the plaintiff to take any steps in relation to it at the Spring term, 1851, of the Circuit Court of Coffee County. This objection is not sustained by the record; for by this it appears, that at that term the motion to substitute was entered on the motion docket of the court, and granted; but the clerk failed to enter it on his minutes. It also appears that a declaration was filed at the same term. The motion docket is a book of the court required by law to be kept by the clerk, and the entries and proceedings appearing upon it as of a particular term may properly be looked to, as showing the orders taken by the court, in relation to the case at that term, and to show that there was no discontinuance. They are, also, sufficient evidence of what was done at a previous term, to authorize the court to enter a judgment *nunc pro tunc* at a subsequent one, if they show that the court had ordered a particular judgment, which the clerk omitted to enter.

Our conclusion is, that the judgment of the Circuit Court is regular, and must be affirmed.