Leigh v. Alpaugh.

CITED *in Waterman* v. *Merrill,* 4 *Vr.* 380; *Hoagland* v. *Todd,* 8 *Vr.* 546.

---

SAMUEL W. LEIGH v. ISAAC ALPAUGH.

A *capias ad respondendum* returnable in vacation is void, and the defendant is not estopped from moving to set it aside at the next term, because through abundant caution he gave bail to the sheriff, filed bail to the action, and pleaded to the declaration.

This was a motion to quash a *capias,* because returnable in vacation, and to set aside all proceedings had thereon.

Argued by Mr. *Wurts* for the defendant, and Mr. *W. Halsted* for the plaintiff, before Justices OGDEN and POTTS.

POTTS, J. In this case a *capias ad respondendum* was sued out by Alpaugh against Leigh, tested the first Tuesday in June last, and made returnable on the third Tuesday in August thereafter, upon which the defendant was arrested, and

executed a bail bond to the sheriff. On the return day of the *capias* he entered into recognizance of special bail, and perfected an appearance in form. On the twenty-fourth of August the plaintiff filed his declaration, and on the eighteenth of September the defendant filed his plea of the general issue with the usual affidavit. And now, this being the first term of this court since the issuing of the writ, the defendant moves to quash the said writ on the ground that the same is void, not being made returnable in term time.

There is no authority for making a *capias ad respondendum* returnable in vacation. The acts of eighteen hundred and fifty-two and eighteen hundred and fifty-four do not apply to writs of this character, and it has been frequently held that a writ returnable on a *dies non* is a void writ and cannot be amended. *Kenworthy* v. *Peppiat,* 4 *Barn. & Ald.* 288 ; *Halliday* v. *Cooper,* 3 *Missouri R.* 286 ; *Sanders* v. *Raines et al.,* 10 *Missouri* 772 ; *Bell* v. *Austin,* 13 *Pick.* 90 ; *Brown* v. *Simpson,* 3 *Stewart* 331 ; *Shirley* v. *Huger,* 3 *Blackford* 225.

And the rule was held to be the same if the *capias* be tested out of term, in *Chanden* v. *Brecknell,* 4 *Cowen* 49.

In *Park* v. *Heath,* however, the Supreme Court of New York held that now, by statute, this may be amended. But if the *capias* is *returnable* out of term it is void, and cannot be amended. 15 *Wendell,* 301.

The *capias* being therefore void, and the arrest illegal, the recognizance of special bail is of no validity. The only question is whether after plea filed, the defendant is entitled to have the writ quashed, or merely to have the recognizance discharged on entering common bail.

He might probably have been relieved from the arrest by *habeas corpus.* But it cannot be objected that he chose to relieve himself by giving bail to the sheriff. As no recovery could have been had upon the bond to the sheriff, he was not obliged to put in special bail ; but having done so out of abundant caution, there was still no necessity for his pleading. A judgment by default against him would have been set aside on motion. But by pleading, he voluntarily

comes into court and takes issue to the narr. He does this to save a default.

It has been held that after issue joined upon a demurrer, it is not too late to move to strike out the demurrer as frivolous. *Allen* v. *Wheeler*, 1 *Zab.* 97. That after replication and demurrer the plaintiff may move to strike out the plea as false. *Corbet* v. *Powell*, 5 *Barn. & Ald.* 750 ; *Brewster* v. *Hall*, 6 *Cowen* 34; and see *Hogencamp* v. *Ackerson*, 4 *Zab.* 136. These cases seem to settle the principle that a party does not always lose absolutely his right to take advantage of an error of his adversary by pleading over, if he makes his motion at the earliest opportunity. And in the case of *Halliday* v. *Cooper*, the *capias* was quashed after the defendant had pleaded.

I think upon the whole, that inasmuch as the writ is clearly void, and the defendant has not been brought into court by legal process, as he filed his plea before the end of the vacation out of abundant caution to save a default, and now moves to quash at his earliest opportunity, that the motion must prevail ; but upon the usual terms, that he file a stipulation not to bring suit for false imprisonment.

OGDEN, J., concurred.