## COSTLEY *vs.* DRIVER.

[JUDGMENT BY DEFAULT ON SUMMONS NOT SIGNED BY CLERK.]

1. *Judgment by default; what not sufficient to support.*—A summons not signed by the clerk or his deputy, is not sufficient to sustain a judgment by default, although afterwards the defendant made payments on such judgment.

APPEAL from Circuit Court of Chambers.
Tried before Hon. ROBERT DOUGHERTY.

The facts are fully stated in the opinion.

W. H. BARNES, for appellant, cited *Stone v. Harris*, 1 Ala. (Minor,) 32 ; *Laird v. Patterson, ib.* 14.

GUNN & CLOPTON, *contra*.

PETERS, J.—The recital in the record in this case, which purports to be a summons, is in these words :

"The State of Alabama,    In the Circuit Court of said Chambers County.    county.

To any sheriff of the State of Alabama : You are hereby commanded to summons Warrenton Costley, to be and appear at the next term of the circuit court for said county, at the place of holding the same, on the 3rd Monday in October, A. D., 186–, then and there to answer the complaint of Berry Driver. Witness my hand, this 7th day of October, A. D., 1866.

——————————————, Clerk."

This was accompanied by a complaint in proper form, founded on a promissory note, which complaint was signed by the attorney of the plaintiff.

The process in this form was issued to the sheriff of said county of Chambers, and by him served on the defendant, Costley, on the 8th day of September, 1866, and returned into court. And at the fall term, 1867, of said circuit court, judgment was rendered by default against said defendant Costley, for the sum sued for and for costs. This judgment was for two hundred and fifty dollars and four cents, besides costs of suit. On this judgment the defendant, Costley, made a payment to the plaintiff Driver, of one hundred and twenty-four dollars and forty cents, on the 5th day of March, 1868.

From this judgment, the defendant Costley, appeals to this court, and here assigns for error the action of the court below in rendering judgment against him on a summons not signed by the clerk, and without any appearance to answer the complaint.

Here the summons is not only very irregular and informal, but it is otherwise imperfect and incomplete. It re-

quires the defendant to appear and answer plaintiff's complaint at an impossible day ; it is not signed by the clerk, or by any other person authorized to give it any legal force as a process of the court, and bears date after it was executed by the sheriff. To sanction so many and such grave departures from the form prescribed by the statute, would be tantamount to a repeal of the statute itself. Such has not been heretofore the practice of our learned predecessors in this court. This process lacks the chief requisite which gives it authority as a summous of the court from whence it was issued. It is no writ without the signature of the clerk. This gives it its mandatory power. If this is wanting it is a mere blank. The court is not authorized to know it as a part of the record when it lacks this legal proof of its validity.—*Stone v. Harris*, 1 Smith's Cond. Ala. R. 36 ; Min. 32 ; *Heart v. Judson*, 1 Smith's Cond. Ala. R. 116 ; Min. 135 ; *Smith v. Affanassieffe*, 2 Richd. 334 ; *Garland v. Britton*, 12 Ill. 232 ; *Yonge v. Broxson*, 23 Ala. 684 ; Revised Code, §§ 2558, 2559, 2660 ; *Brown v. Simpson*, 3 Stew. 331 ; S. C., 1 Smith's Cond. Ala. 296.

This is not such a defect as the courts are empowered to remedy after judgment, under authority of our statutes or amendments. When there is no appearance by the defendant, it is by the summons that the court takes jurisdiction of the cause. Here the defendant has never been legally brought into court. Until this is done in some of the forms allowed by law, the whole proceeding is not such as would authorize any judgment against him. There was no summons, such as is required for the commencement of the suit, and no appearance by the defendant to answer the complaint.—Revised Code, § 2558, 2560. One of these things is necessary, in order to give the court authority to bind the defendant by its decree. If these pre-requisites fail to appear in the record, the judgment can not be sustained. Such is this case.—*Murry et al. v. Tardy*, 19 Ala. 710.

The payment on the judgment did not amount to an appearance by the defendant. Nothing short of this could remove its defects in this court. The objection here is not that the proceedings were irregular, but that the defend-

ant was never brought into court by appearance or service of process in the manner prescribed by law. This defect was not cured by the payment.—*Jones v. Kenny*, Hard. 96 ; *Welch, Adm'r, v. Walker*, 4 Port. 120; *Norwood v. Riddle*, 5 Smith's Cond. Ala. R. 549 ; 9 Port. 425.

Let the judgment of the court below be reversed and remanded.