Stringer v. Echols et al.

---

## STRINGER *vs.* ECHOLS ET AL.

[APPEAL FROM ORDER SETTING ASIDE STATUTORY JUDGMENT ON FORFEITED REPLEVY BOND, &C.]

1. *Judgment on motion affecting adverse party, made after final judgment; when erroneous.*—After final judgment, the parties are not presumed to be in court; therefore, any motion made in the cause, after that time, materially affecting the interests of the adverse party, must be on notice, otherwise the judgment will be erroneous.

APPEAL from the Circuit Court of Henry.
Tried before Hon. J. McCALEB WILEY.

The opinion contains the facts.

J. A. CORBITT, and SEALS & WOOD, for appellant.
W. C. OATES, *contra.*

PECK, C. J.—In October, 1866, the appellant commenced his suit, in the circuit court of Henry county, against the appellee, Echols, by summons and complaint, founded on a promissory note, and then sued out an ancillary attachment, and had the same levied on defendant's horse, which was replevied by defendant, and a replevy bond given, with the other appellees as his sureties.

At the fall term of said court, in the year 1867, the plaintiff recovered judgment, and on the 18th day of November, in the same year, the said replevy bond was returned forfeited, by the sheriff.

At the fall term, 1868, two of the sureties on the replevy bond moved the court to set aside the statutory judgment on said bond, which motion was granted, and the said bond, by the order and judgment of the court, was declared to be null and void, and the plaintiff was taxed with the costs. From the record, it does not appear that the plaintiff had any notice of said motion, and the minute entry fails to state that he appeared. The plaintiff has appealed to this court, and assigns the said order and judgment of the circuit court for error.

After final judgment, the parties are not presumed to be in court; therefore, any motion made in relation to the cause, after final judgment, that materially affects the interest of the adverse party, must be on notice; otherwise, the judgment of the court will be erroneous.—*Yonge v. Broxton*, 23 Ala. 684; *Murray & Durand v. Tardy*, 19 Ala. 710. As the record fails to disclose that the appellant had notice of the motion in this case, the judgment of the circuit court declaring the replevy bond null and void, and taxing him with the costs, is reversed, and the cause is remanded for further proceedings.