# Giddens *v.* Bolling.

*Bill in Equity for Cancellation of Mortgage.*

1. *Mortgage of homestead; acknowledgment by wife; conclusiveness of officer's certificate.*—When a mortgage, or other alienation of the homestead, is signed by husband and wife, and a certificate of acknowledgment, in due form, is appended to it by an officer authorized to take it, the certificate is conclusive as to the facts stated, unless impeached by proof of fraud or duress, in which the grantee participated, or of which he had knowledge or notice before he parted with the consideration; but, if there was in fact no appearance before the officer, or no acknowledgment whatever before him, that fact may be shown in avoidance of the certificate, and it renders that instrument void, even if the grantee is a purchaser for value without notice.

2. *Offer to do equity.*—When a mortgage is given for money borrowed, and the mortgagor afterwards seeks to cancel it as a cloud on his title, on account of defects in its execution or acknowledgment, he must offer in his bill to do equity by refunding the money, with lawful interest.


APPEAL from the Chancery Court of Pike.

Heard before the Hon. JOHN A. FOSTER.

The facts in this cause were thus stated by HARALSON, J.:

"The bill in this case was filed by the appellant against the appellee, on the 2d of January, 1890. It sets out that complainant was the owner in fee of 1436 acres of land—which is particularly described—lying and being in the county of Pike in this State; that he is, and has been for about twenty years past, a married man, the head of a family, and resides on the lands described, with his family, as their homestead, and was residing thereon at the date of the

[Giddens v. Bolling.]

.mortgage he executed on said lands to the defendant, hereinafter referred to; that on the 14th day of February, 1885, he executed a mortgage on said lands to the defendant, to secure an indebtedness of $7,500, evidenced by his promissory note for that sum, bearing even date with the mortgage; that there was included in the mortgage excessive usurious charges, which were unjust; that his wife, Mrs. Martha A. Giddens, refused to sign said mortgage, and never in fact signed the same, and never authorized any person for her and in her stead to sign it, and never acknowledged it before any officer, separate and apart from. her husband, in the manner required by law to alienate her homestead. Complainant claims, as he is advised, that the mortgage has no binding force upon the realty therein described, and is absolutely void; but, if he is mistaken in that, he avers that it is void, as to his homestead of 160 acres, and the appurtenances thereon, not exceeding $2,000 in value; and he selects and describes the particular 160 acres of land, out of the whole tract, which he claims to be exempt to him as his homestead, free from any binding force of said mortgage. He also avers that the mortgage is outstanding, has been recorded in the office of the Probate Court of Pike county, and continues to be and is a cloud on his title to said lands.

"There is no offer in the bill to repay the money he received from the defendant, nor in any manner to do equity; and there is no charge of fraud or collusion on the part of the defendant, or the officer purporting to take the acknowledgment of the mortgage, or on the part of any person. The prayer of the bill is for a decree declaring said mortgage to be void, and of no force or effect as to complainant's homestead; that an account be taken between complainant and defendant; that defendant be required to deliver up said mortgage for cancellation; that it be declared void and cancelled; that the record thereof be stamped so as to show its invalidity, and for general relief.

"There was a demurrer to the bill, because it was indefinite in its allegations as to usury, and because there was no offer .to pay.to complainant what defendant owes him, or that may be found to be due to him; and a motion was also made to dismiss the bill for want of equity. The chancellor overruled the demurrer, and the motion to dismiss.

"The defendant answered, admitting the making of said mortgage, and attaches a copy thereof, as a part of his answer, to which is appended in due form an acknowledgment by complainant and his wife, Martha A. Giddens, purporting

[Giddens v. Bolling.]

to have been made before and certified by S. H. Burgess, a justice of the peace for Pike county, Alabama, and also a certificate in due form, by the same officer, of his examination of Mrs. Giddens, separate and apart from her husband, in the manner required by statute for the conveyance by a married woman of her homestead. Said mortgage conveyed the real estate described in the bill, and a large lot of personal property belonging to the former; and was foreclosable on the 1st January, 1886. It gave the defendant the right to purchase the property, at any sale that might be made of the property under the mortgage, and in the event of his becoming the purchaser, the person whom he might, by indorsement on the mortgage, authorize to execute title, might make conveyance to, and invest in him all the right and title of complainant.

"The defendant further states, that after having given notice by publication, in the manner and for the time required by the term of the mortgage, he proceeded on the 11th day of February, 1886, to sell the lands described in the mortgage, at public auction, at the artesian basin in the city of Montgomery, for cash, and at the sale became the purchaser of the same, and received title thereto from E. P. Morrisett, who made the conveyance under authority of the mortgage; that all the personal property in the mortgage was appraised by agreement, by disinterested parties, and defendant took it at the appraised valuation, and gave complainant credit therefor, on his mortgage debt; and after giving him credit for the amount the land brought at said sale, and the value of the personal property, and all other credits to which he was entitled, there remained due on the mortgage the sum of $2,000.

"Defendant avers in his answer, that he never heard until the fall of the year 1888, that Mrs. Giddens claimed never to have signed said mortgage; that complainant regresented to him that the mortgage had been duly executed by his wife, and defendant advanced him the money he let him have, on that representation, which he believed to be true; and he denies the allegations of the bill that said Martha A. refused to sign said mortgage, and never authorized any person for her and in her stead to sign it, and that she never acknowledged the same before any officer seperate and apart from her husband.

"On final hearing, the Chancellor denied the relief sought, and dismissed the bill; and his decree is here assigned as error."

[Giddens v. Bolling.]

GARDNER & WILEY, for the appellant, cited *Shelton v. Aultman & Taylor Co.*, 82 Ala. 315; 1 Dev. Deeds, § 231-41.

E. P. MORRISSETT, *contra*, cited *Downing v. Blair*, 75 Ala. 216; *Cahall & Pond v. Mutual Building Asso.*, 61 Ala. 232; *Miller v. Marx*, 55 Ala. 339.

HARALSON, J.—There is no allegation or proof in this case that the defendant, Bolling, or any other person, practiced any fraud upon Mrs. Giddens to procure her signature and acknowledgment of the mortgage before the justice of the peace. The proof is undisputed, that the mortgage was executed and acknowledged in Pike county and delivered to defendant in Montgomery. The defendant testifies, that he never heard of the alleged failure and refusal of Mrs. Giddens to sign or acknowledge the mortgage, until the year 1888, more than two years after it had been foreclosed; and the proof is abundant to show that the defendant took the mortgage, and parted with his money, *bona fide*, without any notice of the alleged falsity of the certificate of acknowledgment by the wife, and in full reliance upon the truth of the same.

The question which lies at the foundation of the homestead claim of Mrs. Giddens, on the ground upon which the bill places it—viz.: that she never signed or acknowledged the mortgage —has recently received careful consideration at our hands, and the principle which controls in such an issue, as we then announced, is, that when there has been no appearance before the officer, and no acknowledgment at all made, the fact may be shown in disproof of the officer's certificate, even against *bona fide* mortgagees and purchasers, and his false certificate is void; "but, when there is an appearance and acknowledgment in some manner, then the official certificate is conclusive of every fact appearing on its face, and evidence of what passed at the time of the acknowledgment is inadmissable to impeach the certificate, except in case of fraud or imposition, and where knowledge or notice of the fraud or imposition is brought home to the grantee." *Grider v. Am. Freehold L. M. Co., ante*, p. 281; 1 Am. & Eng. Encyc. of Law, p. 160, §6.

The evidence upon the issue, whether Mrs. Giddens ever signed and acknowledged the mortgage, on the part of the complainant, is that she swears she never did either; that her husband, the complainant, and Burgess, the justice, came to her on the 14th of Febuary, 1885, and her husband said to her he desired her to sign the mortgage, and she re-

plied that she would not do so, whereupon her husband signed her name to the paper, and handed it to Mr. Burgess, the justice. And yet, she swears, directly afterwards, that she first learned that her name was signed to said mortgage of 1885, in the fall of 1888, when her husband showed the mortgage to her, and asked her if it was her signature, and she informed him it was not. She also testified, she never heard of the sale of the lands under mortgage, until the fall of 1888, although they had been advertised for sale, and the personal property included in the mortgage was appraised by parties who went to her house for the purpose, and remained over night. The plaintiff corroborates this statement, saying, he believed he had the right to sign her name; that he handed it to Burgess, the justice, who filled out the certificates, and asked his wife no questions; that he carried the mortgage to Troy, to be recorded, with instructions to forward to defendant at Montgomery, and it was sent to him through the mails.

Mrs. E. V. Boykin, a sister of complainant, testifies that she was present when Mr. Giddens and the justice came to the house, on the 14th of February, 1885; that Mrs. Giddens did not sign the paper, but refused, after which complainant and Burgess, each wrote on it, and both left the house; that Mr. Burgess did not say anything about the paper, and did not take Mrs. Giddens' acknowledgment to it, separate and apart from her husband. These three witnesses, complainant, his wife and sister, are the only ones who testify that the mortgage was not signed and acknowledged by Mrs. Giddens.

The proof on this point, by the defendant, may be briefly stated. Burgess, the justice, on being shown the certificates to said mortgage, swore, "that the same is true. Both of said certificates attached to said mortgage, which is attached to R. E. Bolling's testimony, marked Exhibit B to same, are true. The separate acknowledgment of Mrs. Giddens, as well as the acknowledgment with her husband, took place at her residence at Briar Hill, Ala. I saw and talked to Mrs. Giddens herself. · · · She acknowledged that she had signed said mortgage; but I did not see her sign it. I can not possibly be mistaken about her acknowledging that she signed said mortgage. I am not related to, or connected with R. E. Bolling, and have no interest in the result of the suit."

The defendant testifies, that in the fall of 1888 he proposed to complainant that, if he could raise $7,000, he would re-convey to him the place; that the same could be raised

[Giddens v. Bolling ]

by a loan on the property; and then, complainant for the first time told him that his wife objected to signing any papers for a loan, because her examination separate and apart from her husband, in the execution of the mortgage of 1885, had never been taken; that he went to Briar Hill to see Mrs. Giddens about the matter, and she informed him that she had not signed the mortgage but that her husband, at her request, signed her name for her to it; and further that Alonzo P. Smith was present and heard the interview. The witness, Alonzo P. Smith testified that he was present at that interview, and heard Mrs. Giddens say to Mr. Bolling, that she did not sign the mortgage, but had authorized or told her husband to sign her name for her.

E. P. Morrissett testified he had acted as attorney for defendant in his transaction with complainant; that at the time of the delivery of the mortgage of 1885 by complainant to defendant, they both came to his office in Montgomery, and submitted to him, as an attorney, whether or not said mortgage had been properly executed and acknowledged; that he had had a number of interviews with said Giddens about this mortgage, had foreclosed the same for defendant, bought the property in for him, drawn rent notes from complainant to defendant for the property since the sale, and heard for the first time from defendant, in the fall of 1888 and afterwards, from complainant and his wife, that she claimed never to have executed and acknowledged the mortgage. Witness further stated that he went to see Mrs. Giddens in reference to her execution of this mortgage, and in reply to his question, "If he had understood correctly that she had said that her husband had forged her name to the mortgage and taken it to defendant to raise money on?" she replied: "No; that she had said she did not sign it, but had told him he might sign her name to it, if he desired, but that she would not do it."

The evidence of the complainant is entitled to no consideration at our hands. By his conduct, if not by his words, which spoke as plainly as words could, he represented to the defendant that his wife had duly executed and acknowledged the mortgage. He got the money of the defendant, on the mortgage, by the deception he practiced; he allowed him to foreclose it, and afterwards, for several years, rented the lands from him, and executed his notes to him for the rent, and not till the Fall of 1888 did he disclose to him that there was any infirmity in his mortgage. We are forced to discredit his account of the transaction. For obvious reasons, we decline to discuss the evidence of Mrs.

[Louisville & Nashville Railroad Co. v. Grant & Richardson.]

Giddens and Mrs. Boykin, where it is brought into contradiction with the evidence of the defendant and his witnesses. Upon a careful review of it all, we are forced to the conclusion, that Mrs. Giddens acknowledged the mortgage before the justice in the manner he certifies.

This was a bill, as has been stated, to remove a cloud from title to land. The complainant made no offer to repay the money he had obtained on the mortgage from the defendant, which remained due and owing to him thereon, and submit himself, as he should have done, to the authority and jurisdiction of the court in that behalf; and for this it ought to have been dismissed, on the motion of the defendant.— *Grider v. A. F. L. M. Co., supra.*

The chancellor found against the complainant on the facts, denied the relief sought, and dismissed the bill.

We find no error in the rulings of the lower court of which the plaintiff can complain, and its decree is affirmed.