# Sprouse *v.* Story.

*Action of Forcible Entry and Detainer.*

1. *Forcible Entry and Detainer; When Action for can be Maintained.*—An action of forcible entry and detainer lies against one who enters peaceably upon premises in possession of

[Sprouse v. Story.]

another, and by unlawful refusal keeps the party out of possession. Under our first statute on the subject, such action could not be sustained unless the defendant entered forcibly upon the premises, but under the present statute, Code, Sec. 2126, it may be maintained where the defendant enters peaceably and then by unlawful refusal, keeps a party out of possession. Still the refusal to vacate must be unlawful, and the action will not lie against one who rightfully withholds the possession.

2. *Evidence; Uncommunicated Motive.*—An objection to a question calling for an uncommunicated motive or reason of a witness is properly sustained.

3. *Forcible Entry and Detainer; Judgment; Rents.*—Where, on an appeal from a justice of the peace in an action of forcible entry and detainer, taken by the defendant, it appears that the plaintiff is entitled to recover, it is proper in the judgment against the defendant and sureties on his appeal bond to include the value of the rent of the premises during the pendency of the appeal.

APPEAL from Cherokee Circuit Court.

Heard before the Hon. J. A. BILBRO.

This was an action of forcible entry and detainer, brought by the appellee, W. M. Story, against the appellant, George Sprouse. The case originally was brought before a justice of the peace, who gave judgment in favor of the plaintiff. The defendant appealed to the circuit court, which also gave judgment for the plaintiff. From the latter judgment, this appeal is taken. The opinion sets out such facts as are necessary to its understanding The complaint was in Code form, charging forcible entry. Defendants charges were to effect that forcible entry was necessary to recovery.

BURNETT, HOOD & MURPHREE, for appellant.

MATTHEWS, MARTIN & MATTHEWS, for appellee.

ANDERSON, J.—An action of forcible entry and detainer under section 2126 of the Code of 1896 lies against one who enters peaceably upon premises in the possession of another, and by unlawful refusal keeps the party out of possession.—*Knowles v. Ogletree,* 96 Ala. 555.

Our first statute on this subject was approved February 10th, 1805, when this State formed a part of the Mississippi Territory, and is found in Clay's Digest, 250. Under that statute there have been several rulings of this court, defining what degree of force is necessary to constitute a forcible entry.—*Botts v. Armstrong,* 8 Por. 57; *Mattock v. Thompson,* 18 Ala. 600; *McGonegal v. Walker,* 23 Ala. 361. And it was then decided, that, in order to sustain the action, the plaintiff had to show that defendant had *forcibly* entered his premises. An act was approved (Acts, 1878-9, p. 49), defining what wrongful acts should establish forcible entry and detainer, and which is contained in section 2126 of the Code of 1896. That act made an *addendum* by including one who enters peaceably and then by *unlawful* refusal keeps the party out of possession.—*Weldon v. Schlosser,* 74 Ala. 355.

It will be observed that, in order to establish the action, where the entry was not forcible, the withholding must be *unlawful,* and cannot be maintained against one who rightfully withholds the possession.

In the case at bar, the plaintiff had rented the land for the year 1900 from Reynolds, the owner, and had subrented it that year to Crane. There is no proof that he rented it for the year 1901, although he says he was going to put another man in the house when Crane vacated. The defendant moved in, in the early part of 1901, as soon as Crane moved out, and we think that he should have been permitted to prove that he entered under Reynolds, the owner of the land, and that, if he did so, his refusal to surrender the possession was not unlawful. This would certainly be the case in the absence of any proof on the part of the plaintiff that he had rerented the premises from Reynolds, the owner, for the year 1901. The trial court erred in not permitting the defendant to show that he was the tenant or subtenant of Reynolds at the time of the withholding of the land.

The trial court did not err in sustaining the plaintiff's objection to the question by counsel to the defendant, "How he came to go into the house on the premises in dispute?" This question called for the uncommunicated motive or reason of the witness and was improper.—*Dent*

*v. State,* 105 Ala. 14; *Ball v. Farley,* 81 Ala. 288; *Ford v. State,* 71 Ala. 385. The statement of counsel of the reason and purpose of the evidence in no way changed the form of the question or rendered it proper.

The court properly refused the requested charges of the defendant.

The judgment rendered by the court against defendant and his bondsmen upon the motion of plaintiff was in compliance with section 2146 of the Code of 1896, and properly included the rent of the premises pending the appeal, if plaintiff was entitled to recover.

The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

MCCLELLAN, C. J., TYSON and SIMPSON, JJ., concurring.