32 So.2d 678

**Ex parte KRASNER et al.**

**KRASNER et al. v. GURLEY.**

6 Div. 624.

Supreme Court of Alabama.

Nov. 20, 1947.

Norman and D. Krasner, pro se.

Jas. W. Aird, of Birmingham, for respondent.

BROWN, Justice.

Common law certiorari by the defendants to review the record and proceedings of the Circuit Court of Jefferson County in an action of unlawful detainer by Gurley Mitchell against Norman and D. Krasner, individually, and doing business as D. Krasner & Company. Upon the filing of the petition duly verified the court ordered the writ of certiorari to issue, returnable to the call of the second division. In response to the writ the proceedings and judgment of the circuit court had on the 11th day of March, 1947, all subsequent to the final judgment entered at the trial of the action and its affirmance by this court, were filed as a return to the writ and the case was submitted on the motion to dismiss "the appeal" and quash the writ and on the merits.

The return to the writ considered in connection with the original record on the appeal shows that the plaintiff recovered judgment in the inferior municipal court of Birmingham, a court having jurisdiction of a justice of the peace in certain designated precincts in Jefferson County, for the property sued for and $75.00 for detention. From such judgment the defendants appealed to the circuit court, executing a supersedeas bond to stay the issuance of the writ of possession. The trial in that court resulted in a final judgment for the plaintiff for the property sued for and $260.00 as damages. From that judgment the defendants prosecuted an appeal to this court and executed a supersedeas bond in the form prescribed by the statute with Phoenix Indemnity Company as surety. That judg-

ment was here affirmed. Krasner et al. v. Gurley, 248 Ala. 686, 29 So.2d 224.

Thereafter, on the 11th day of March, 1947, the plaintiff through his attorney appeared in the circuit court and made oral motion that the court ascertain the value of the rent of the premises pending the appeal to this court under the provisions of § 986, Title 7, Code of 1940, and a jury was impaneled to hear the evidence offered on behalf of the plaintiff as to the value of the rent of the premises from July 24, 1946, to December 2, 1946. The jury returned a verdict ascertaining the damages of $260.-00 on which the circuit court entered judgment against the defendants (petitioners here) and the surety on said supersedeas bond, Phoenix Indemnity Company, awarding execution for its collection. This latter proceeding eventuating in the judgment of March 11, 1947, was had without notice to the defendants or their surety.

Section 986, Title 7, Code of 1940, is cited by the court in the judgment as authority for this proceeding. That statute first appeared in the Code of 1852 as §§ 2866 and 2867 and was brought into and through subsequent codes up to the Code of 1886 in two sections. In the Code of 1886 said sections were combined in § 3411 of the Code of 1886. Said section has been brought through the subsequent codes and adopted therein without change. Prior to the adoption of the Code of 1940, it was held by this court in Speer v. Lancaster-Johnson Lumber Co., 214 Ala. 688, 108 So. 746, where a supersedeas bond was given by the defendants to stay a writ of possession pending appeal to the circuit court that that court on the trial de novo should admit evidence and instruct the jury to ascertain the plaintiff's claim pending the appeal. It was there observed:

"Evidence of rental value pending appeal was properly received. This is not a matter involved at the time of bringing suit, and need not be claimed in the complaint. But the claim accrues during the pendency of the appeal by reason of a supersedeas depriving plaintiff of his possession. The statute provides for such a judgment, and as of course it must be based upon evidence. Code 1923, § 8023; Giddens v. Bolling, 99 Ala. 319, 13 So. 511; Crocker v. Goldstein, 209 Ala. 172, 95 So. 873.

"But who is to assess the value of the rents pending the appeal when the cause is tried by a jury? No instructions were given to the jury to assess the value of the rents pending the appeal, and no such assessment was made in their verdict.

"In Spear & Thomasson v. Lomax, 42 Ala. 576, 588, it was expressly held the value of the rents should be assessed by the jury. This case arose under sections 3314 and 3316, Revised Code of 1867. These sections were the same in substance as now, except it was then required that judgment must be entered 'on motion of appellees.' This clause was stricken from the Code of 1907, § 4282, now § 8023, Code of 1923. This change would rather strengthen the idea that all the issues of fact should be submitted to the jury, on whose verdict the judgment of the court is to be entered. The same rule was followed and approved in Helton v. Ft. Gaines Oil & Guano Co., Ala. Sup., 39 So. 925.

"We see no reason to overrule Spear & Thomasson v. Lomax, supra, and accordingly hold it was error for the court to enter the judgment for rents pending the appeal without having the amount assessed by the jury."

The jurisdiction and power conferred by said statute has uniformly been held and applied to the circuit court as the appellate court in such action. Giddens v. Bolling, 99 Ala. 319, 13 So. 511; Archer v. Sibley, 201 Ala. 495, 78 So. 849; Gambill v. Cooper, 159 Ala. 637, 48 So. 691; Sprouse v. Story, 144 Ala. 542, 42 So. 23; Crocker v. Goldstein, 209 Ala. 172, 95 So. 873 and other cases.

No authority has been cited to sustain the proceeding and judgment brought under review and after diligent investigation of the authorities we have found none. The lis pendens resulting from filing the complaint and service of process is terminated by the final judgment and no duty rests upon the parties to the suit to further attend proceedings in the case without notice and all such proceedings without notice are void. Stringer v. Echols et al., 46 Ala. 61; Murray & Durand v. Tardy, 19 Ala. 710; Yonge v. Broxson, 23 Ala. 684; Sweeney et al. v. Tritsch, 151 Ala. 242, 44 So. 184. In the instant case the circuit court was without jurisdiction of

the subject-matter,—the damages accruing pending the appeal to the supreme court and of the person. The judgment of March 11, 1947, is void on the face of the proceedings.

The motion to dismiss or quash is without merit.

■■ A party whose right of property is placed in jeopardy and subject to seizure by the proceedings and judgment of a nisi prius court of general jurisdiction, void on their face for want of jurisdiction of the person or of the subject-matter, may invoke the jurisdiction of the supreme court by petition for the common law certiorari under § 140 of the constitution to review such proceedings. While the writ in a sense is discretionary, yet when the writ is issued by order of the court, the discretion is exhausted, although an appeal will lie from an order of the court overruling or denying a petition or motion to vacate such judgment. Board of Revenue of Covington County v. Merrill, 193 Ala. 521, 68 So. 971; Independent Publishing Co. v. American Press Ass'n, 102 Ala. 475, 15 So. 947; 14 C.J.S., Certiorari, § 49; St. John et al. v. Richter, 167 Ala. 656, 52 So. 465.

The judgment of the circuit court entered March 11, 1947, is reversed and a judgment here rendered quashing the proceedings of the circuit court appearing of record as of March 11, 1947.

Reversed and rendered.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.