## McLENDON v. JONES.

1. The Circuit Court, independent of express legislation, has the power to substitute a judgment, roll, or entry, when the original record is lost, and the substituted matter becomes a record of equal validity with the original.

2. The manner of correcting the loss, is to show, by affidavits, what the record contained, the loss of which is sought to be supplied. The substitution can only be made after a personal notice of the intention to move the Court, and the notice must be sufficiently explicit to advise the opposite party of what is intended, as well as to enable him to controvert the affidavits submitted.

Writ of Error to the Circuit Court of Henry.

THE proceeding commenced with a notice, directed to McLendon, or his attorney, by which he is informed, that Jones, as

the executor of Abner Hill, on the 3d Monday of April, 1844, at the Circuit Court, to be holden for Henry county, would proceed to establish a judgment against the defendant, in the above stated case, (i. e. John Jones, executor of Abner Hill, deceased, v. Joel T. McLendon,) obtained at the fall term of said Court, in the year 1839, or thereabouts, for the sum of one hundred and fifty dollars, or thereabouts. This notice is dated 23d March, 1844, and is signed on Jones' behalf by an attorney, in his name. It is returned by the sheriff on the 30th March, "executed," but on whom, is not stated.

At the April term of the Circuit Court, this entry was made: " It appearing to the satisfaction of the Court, that the original papers in this cause have been destroyed by fire, it is therefore ordered by the Court, that a copy writ, declarations and pleadings be established, in lieu of the papers destroyed, and also, that the plaintiff recover of the defendant one hundred dollars, as also costs of this suit, for which execution may issue."

There is now assigned as error, that the Court erred—

1. In rendering judgment for the substitution of the original papers, without proof of what those papers were.

2. Because the notice is uncertain in being addressed to McLendon, or his attorney, and because it does not appear that it was served upon the former.

3. In rendering judgment on such proceedings.

J. COCHRAN, for plaintiff in error, cited the act of 1843, entitled " an act to establish lost records in Henry county," p. 88, and insisted, that none of the directions of that act had been pursued. The notice itself, the foundation of the proceedings, is directed to the defendant or his attorney, when it seems clear that personal notice is requisite.

No counsel appeared for the defendant in error.

GOLDTHWAITE, J.—1. The transcript in this cause shows nothing which is sufficient to support the judgment rendered by the Court; whether the proceeding is an original one, in the manner of an ordinary suit, or whether it is looked upon as a proceeding to substitute lost papees, or to supply a new record in the place of one destroyed by fire, or other accident. The con-

sequence is, that there must be a reversal of the judgment rendered. But, as we are, perhaps, authorized to infer, from a notice found in the transcript, this may be an attempt to supply the record, and proceedings of a cause, in consequence of the destruction of a former record, it will not be irregular to examine into the power of a Court to do this, either as conferred by the common law, or by statute.

The particular act of Assembly, approved 14th February, 1843, entitled an act to establish lost records in Henry county, does not seem to confer any new authority on the Circuit Court, in this particular, or in any way affect that which it had, unless the approval of the action of the commissioners then appointed, and making its judgment thereon subject to revision in this Court, by writ of error, is to be so considered. [See Acts of 1842-3, p. 88.]

The general statute, conferring jurisdiction on the Circuit Courts, and their judges, gives them power to examine, correct, and punish the omissions, neglects, corruptions and defaults of clerks, &c. Clay's Dig. 294, § 29; but independent of this express grant of power, which perhaps does not extend to the case of supplying a new record, where one has been lost, the authority exists in virtue of the full and plenary powers with which these Courts are invested, to "minister ample justice to all persons, according to law."

Cases must frequently have occurred in which, by accident, the records of Courts of justice have been destroyed or lost, and it would seem strange, if the common law had provided no adequate means, by which the injuries growing out of such accidents could be averted, or remedied. Although, in the elementary works upon the science, we can find no express reference to such a power, yet this may arise from the fact, that its existence was never questioned. In the first, and indeed only case, we have found in the English reports, upon the subject, the substitution of the entire record seems to have been considered quite a matter of course. All that is said, is a neglect of entering judgment, and a loss of the roll having been sufficiently shown to the Court, a rule was made, that the clerk should *sign a new roll*, whereon is entered the judgment signed in the cause in *Michaelmas* term, 1729. This was thirty years previous to the motion to supply the loss. [Douglass v. Yallop, 2 Burr. 722.] Soo too, in Jack-

son v. Smith, 1 Caine's 496, the Supreme Court of New York allowed the party to make up and file a new *nisi prius* record, with a *postea* to be indorsed thereon, conformably to the minutes of the trial, and also, to enter up judgment and issue execution. This was done after a lapse of six years, upon an affidavit that the record roll had been lost or burned. In White v. Lovejoy, 3 John. 448, a *fi. fa.* upon a levy having been accidentally burnt, the Court ordered a new *fi. fa.* to be made out, and delivered to the sheriff. In our own Courts, it has long been the practice to permit the substitution of copies, when the original papers have disappeared from the files, either by accident or design. [Dozier v. Joyce, 8 Porter, 303; Williams v. Powell, 9 Porter, 493; Wilkinson v. Branham, 5 Ala. Rep. 608.]

From the authorities cited, it seems clear, that judgment rolls and entries, may be substituted, when the original records are lost, and that the matters thus substituted, by order of the proper Courts, become records of equal validity to those which are destroyed.

2. The manner of correcting the loss appears, from the cases cited, to be, to show by affidavits, what the records contained, the loss of which is to be supplied. Of course the substitution can only be made after a personal notice of the intention to move the Court, and this notice should be sufficiently explicit to advise the opposite party of what is intended; and such also as will enable him to controvert the affidavits submitted in support of the motion. If the affidavits are met with denials, by counter affidavits, it will obviously be necessary to proceed with the utmost caution; and when the evidence leaves the matter doubtful, or uncertain, the motion ought to be denied.

In the present case, the notice is defective, as not containing a sufficient description of the record proposed to be made anew, or its conformity with that which is said to have been destroyed, therefore it is useless to remand the case, as the motion ought not to be entertained upon the notice given.

Judgment reversed.