## ADKINSON ET AL. *vs.* KEEL, USE &C.

25 551
119 500

1. The Circuit Court, by virtue of its general and plenary jurisdiction, has power to supply a lost record.

2. On motion to supply a lost record, the proper practice is as follows: The notice of the motion must specify when the motion will be made, and must contain a copy of that which the plaintiff will move the court to enroll as the substance of the lost record; and the defendant must have reasonable personal service of the notice, and of the affidavits by which it will be supported, which affidavits may be controverted by counter affidavits. If the court, on hearing the affidavits, is fully satisfied of the correctness of the proposed substitute, it will order the same to stand enrolled as the original lost record.

APPEAL from the Circuit Court of Coffee.

The record does not show the name of the presiding judge.

MOTION "to establish a judgment, wherein Hansel Keel, for the use of Jackson, Owens & Harper, was plaintiff, and Britton T. Adkinson, John E. Adkinson and Duncan Adkinson were defendants; which judgment was rendered at the Fall term, 1850, of the Circuit Court of Coffee, for the sum of $402, or thereabouts; the said judgment having been destroyed by the burning of the court-house of said county."

The record contains a notice of this motion, (which, however, is not shown to have been served on the defendants,)

and an affidavit made by the clerk of the court, in each of which the judgment is described as above set forth ; and then follows the judgment entry, which is as follows :

"The plaintiffs in this case having given the defendants notice of the intention to make this motion, and served them with copies of the affidavit upon which said motion is predicated, came the parties, by their attorneys ; and the proof showing that, at the Fall term, 1850, *of this county*, the said plaintiffs recovered a judgment against the said defendants for the sum of $402, and costs, which said judgment was destroyed by fire ; it is therefore considered by the court, that said judgment be established, as follows : Came the said plaintiffs, by attorney, and defendants came not, but made default ; it is therefore considered by the court, that plaintiffs recover of defendants $402, and costs. And it is agreed by said plaintiffs, that, if this case should be taken to the Supreme Court, the damages in that court are released, if any should be given ; and the defendants except, and take an appeal."

J. BUFORD, for the appellant, assigned errors as follows :

"1. There is error in the judgment of substitution in that the lost judgment was void, appellants not being in court, and not being parties thereto.

"2. The substituted judgment is not identical with the lost judgment specified in the notice ; the lost judgment being for $402, rendered at Fall term, 1850, and bearing interest from that date, while the substituted judgment, for the same amount, was rendered at Fall term, 1853, and bears interest from that date.

"3. The substituted judgment is void, because it does not show a valid lost judgment."

MARTIN, BALDWIN & SAYRE, *contra.*

CHILTON, C. J.—There can be no doubt, that the Circuit Court, in virtue of its general and plenary jurisdiction, has power to supply a lost record. This point was decided by our predecessors, in the case of McLendon v. Jones, 8 Ala. 298, and the mode is there substantially pointed out, in which it can be done—namely, a notice, setting forth explicitly what

is intended, and such as will advise the opposite party of the affidavits submitted in support of the motion, so as to enable him to controvert them, must be given, so that the defendant may be prepared to meet the affidavits, and controvert them with counter affidavits.

. The notice in this case does not conform to the requirements of the rule as laid down in that; but is deficient in failing to set forth, with sufficient precision, the judgment sought to be substituted. It does not show whether the judgment was by default, *nil dicit*, confession, or on contestation, nor the precise amount; but it was for four hundred and two dollars, "*or thereabouts*,"—it may be more or less. Indeed, the notice in this case appears to be identical with that which was held insufficient in the case of McLendon v. Jones, save that here is added the time when it was rendered, and that the judgment sought to be established was burned when the courthouse of Coffee was destroyed by fire.

The frequent recurrence of such casualties requires that the rule should be stated, and the practice pointed out, more definitely, than in the case to which we have alluded. According to our views of correct practice, the notice, of which the opposite party must have reasonable personal service, must contain a copy of that which the plaintiff in the motion will move the court, at the time to be specified in the notice, to enroll, as containing the substance of the lost record, and also of the affidavits by which he proposes to prove that such is a substantial copy. The defendant may controvert these affidavits by counter affidavits; and if the court, upon a hearing on affidavits, should be fully satisfied as to the correctness of the proposed substitute, the same will be ordered to stand enrolled as an entire or partial record in the cause, as the case may be. The court should not, as in this case, render judgment for the amount, but by its order of enrollment supply the record evidence of one already in existence, the evidence of which was destroyed. Being thus supplied, the record has the same effect and efficacy as evidence of a judgment as the original record would have had.—Peake's Ev. 60; 3 Phillips' Ev. (C. & H. Notes), pp. 1066-68, and cases cited in 8 Ala. 300-1.

Judgment reversed; but as the motion cannot be renewed on the present notice, the cause will not be remanded.