## SHIVER, Ex'r, *vs.* SHIVER et al.

[PROCEEDING TO SUBSTITUTE LOST RECORDS IN PROBATE COURT.]

1. *Lost record; what proof sufficient to authorize substitution of.*—On a proceeding to supply a lost record by substitution, under the statute, proof which shows that the original once existed, and its contents ; that the court house in which such record was kept had, subsequently to the filing of such record, been burned down, and that said original record, after diligent search, cannot be found, and that the copy proposed to be substituted is a substantial copy of the original, and does not contradict the portion of the record undestroyed, is sufficiently satisfactory to allow the substitution.

2. *Same ; judgment of court below on substitution. &c., may be corrected.*—In such proceeding, the judgment of the court below upon the force and effect of the evidence, may be reviewed in the appellate court, and corrected if erroneous.

APPEAL from Circuit Court of Coffee.

Tried before W. C. OATES, Esq., an attorney of the Court, und ersection 758 of the Code.

ON the hearing of the petition of the appellant, Shiver, in the probate court, to substitute certain lost records, &c., that court refused to allow the substitution, dismissed the petition, and taxed the petitioner with costs ; and the evidence having been made part of the record by bill of exceptions, Shiver appealed to the circuit court. The errors assigned in the circuit court were, that the court below " erred in dismissing the application and in refusing to allow substitution to be made." The circuit court, being of opinion that no question of law was raised by the assignment, held that " it could no more revise the action of the court below than it could the verdict of a jury," and therefore affirmed the judgment of the probate court.

All the material facts bearing on the case will be found in the opinion.

W. D. ROBERTS, for appellant.

G. T. YELVERTON, *contra.*

[No briefs came into Reporter's hands.]

PETERS, J.—This is a suit instituted under our statutes to substitute the petition in a proceeding in the court of probate of Coffee county, alleged to have been filed in said probate court in an application for the sale of lands by an executor, for the payment of the debts of the deceased, when there was no power given by the will to make such sale; which petition is alleged to have been recorded, and the record subsequently destroyed by the burning of the court house in which the records of said court were kept. This law is in these words : " If the records of any judicial proceeding, suit, judgment, or decree, of any justice's, circuit, or chancery court in this State, or any part thereof, has been or may hereafter be lost, burned, or otherwise destroyed, the same shall be substituted by order of such court, upon the best evidence that can be adduced, and which shall be satisfactory to the court, of the former existence and contents of such judgment or decree ; and when substituted shall have the same force and effect with the original judgment or decree."—Rev. Code, § 648.    This

enactment is the first sections of the acts of January 18, 1866, and of February 19, 1867.—Pamph. Acts, 1866–67, pp. 48, 593. By the fifth section of the former act, the same authority to substitute lost records is conferred upon the judges of probate in this State.—Rev. Code, § 652. And from the judgments rendered on such applications, an appeal is given to the supreme court, as in other cases. Rev. Code, § 651. In this case, the judge of probate of Coffee county, on account of his having been counsel for the executor, the applicant in this case, and thinking himself incompetent to sit and preside in the trial of the same, for this reason, referred the matter to the register of the chancery court of said county, to adjudicate the same in his stead.—Rev. Code, §§ 635, 808, 2302, 2303. On the hearing before the register, as probate judge, he refused to allow the substitution, and dismissed the application, and taxed the petitioner with the costs. From this judgment of the register, as probate judge, the petitioner, Shiver, executor, appealed to the circuit court of said county of Coffee.—Rev. Code, § 2247. In the circuit court, the judgment of the probate court was affirmed. From this judgment of affirmance said petitioner appealed to this court.—Rev. Code, 3485. And the judgment of affirmance in said circuit court is here assigned for error.

On the trial in the probate court, as the bill of exceptions shows, the applicant, Shiver, "proved by B. W. Starke that he was the attorney for Samuel Shiver, executor, in the management of the estate of Jacob Shiver, deceased; that he drafted and prepared a petition for the sale of the real estate belonging to said Jacob Shiver, deceased, for the applicant, said Samuel Shiver, on the 3d day of January, 1861; that said petition was verified by the affidavit of applicant, and filed in the office with the judge of probate for Coffee county, for the purpose of obtaining an order from the said court of probate for the sale of said real estate, on the 3d day of January, 1861; that the petition set out by plaintiff in this motion is a copy in substance and form of the petition filed by witness, as attorney as aforesaid for plaintiff, in the office of said probate court, on the 3d day of January, 1861." It was further

*proved* " that said witness was elected judge of the probate court of Coffee county in May, 1862, and became custodian of the books, papers and records of said court, and continued to have the custody of all the papers and records of said office, until the 4th of August, 1868 ; that during the time he was the custodian of the books, papers, and records of said office of probate, the court house, with a large number of the books, papers, and records of said office, were destroyed by fire." It was also *proved* " that diligent search for said petition had been made since the burning of said court house, and said petition could not be. found in the office of said probate court." It was also " proved " " that said original petition was not then in said office, nor upon the records of said court not destroyed." It was also " proved," from an order of said probate court, still of record therein, that such a petition as that alleged to be destroyed had been filed in said court on the 3d day of January, 1861, and a day was set for the hearing thereof, and notice ordered to be given to the devisees and heirs of said deceased. This order is regular, and fully describes the parties interested in the sale of said lands, and the grounds upon which said sale was asked. A second order was also read from the records of said probate court, which was granted on the 28th day of January, 1861, from which it appeared that a petition had been filed for the sale of · the lands named in the petition sought to be substituted, in the matter of the same estate, and between the same parties ; and that a decree for the sale of said lands had been made as asked in said petition. This order and decree also seemed to be full and regular, and to contain all the averments that were necessary to justify such decree. These orders and the petition sought to be substituted, for that which had been lost or destroyed, perfectly corresponded in all their essential particulars. There was no evidence offered by the defendants in the application for the proposed substitution, and the foregoing contains all that was material which was offered by the applicant in support of his proceeding to make the substitution he desired. The evidence in the probate court, and in the circuit court, was

the same. It had been made a part of the record by bill of exceptions in the probate court.

The application or petition for the sale of lands is an essential part of the proceedings, in order to give the court jurisdiction.—Rev. Code, §§ 2222, 2079, 2080, 2081, 2082, 2083, 2086; *Satcher v. Satcher's Adm'r*, 41 Ala. 26, 39. It is a part of the record, and when lost or destroyed it may be substituted, upon sufficient proof. It needs only a substantial copy of the record intended to be enrolled, to justify the court in allowing its substitution.—*Adkinson v. Keel*, 25 Ala. 551. It must also be consistent with the portion of the record remaining undestroyed.—*Bishop's Heirs v. Hampton*, 19 Ala. 792. That is the case here.

The bill of exceptions here shows that the copy of the petition sought to be substituted was "proved" to be a substantial copy of that which had been lost or destroyed, and it was also proved that the original had been lost or destroyed. A fact "proved" is a fact established by the evidence so as to put its certainty beyond reasonable controversy. Such evidence ought to be satisfactory to the court. When this is the case, the law commands that the copy "shall be substituted by order of the court" for that which has been lost or destroyed, where all the evidence adduced at the trial is shown in the bill of exceptions, and it appears that the court below has mistaken its force, and denied to it its legitimate effect; in such a proceeding as this, it is error.

In this case, the evidence adduced was quite sufficient to have justified the allowance of the order for the substitution asked in appellant's petition in the conrt of probate; and the substitution ought to have been allowed upon the evidence adduced.

It is, therefore, the order and judgment of this court, that the judgment of affirmance rendered in this cause by the said circuit court of Coffee county in this State, at the spring term thereof, in the year 1870, be reversed, and that this cause be remanded to said circuit court. And it is further ordered and adjudged by this court, that said circuit court reverse its said judgment of affirmance of said judgment of said court of probate of said county of Coffee, and remand this cause to said cour→ of probate of said

county of Coffee, for a new trial, in conformity with this opinion. The appellees will pay the costs of this appeal in this court, in said circuit court, and in said court of pro-bate.—Rev. Code, § 650.