[Dabney et al. v. Mitchell.]

# Dabney *et al.* v. Mitchell.

### *Motion for Completion of Minute Entry, &c.*

1. *Probate court; power of, to allow amendments nunc pro tunc.*—The court of probate, like the circuit court, has power to enter judgments *nunc pro tunc*, in furtherance of justice, and to make its records speak the truth, when the record furnishes satisfactory *data* by which to make the amendment.

2. *Revised Code; § 796 of, construed.*—Section 796 of the Revised Code (subdivision 5 a), which authorizes judges of probate to complete minute entries and decrees in their courts, when the same are incomplete, &c., after "necessary application and proof,"—is merely declaratory of the common law, and does not authorize the completion of such entries by amendment *nunc pro tunc*, except upon application and proof requisite at common law.

3. *Amendment, nunc pro tunc; when denied.*—The evidence in this case declared insufficient to authorize the amendment *nunc pro tunc* allowed by the court below.

APPEAL from Probate Court of Randolph.

A citation having been served upon appellee to make final settlement of his guardianship, he moved the probate court "to substitute an order for a lost order or destroyed order," made in his guardianship of appellees, "by the former probate judge, on the 23d day of February, 1867," showing a "final settlement of the guardianship and decree thereon discharging appellee from his said trust." An amendment to this motion, states that "said order was made by the former probate court, was reduced to a written memorandum, placed on the file of papers in said cause while it was progressing before the court . . . ; that diligent search has been made and said order can not be found . . . ; that its omission from the record will tend to great pecuniary loss to said Mitchell . . . ; that said order was an order to complete the minute entry and final decree of settlement and discharge of said Mitchell as guardian. Wherefore, the said Peter Mitchell moves your honor to complete the record, (the same being incomplete on account of the failure to make said entry as the same should have been made) *nunc pro tunc*."

There was a demurrer to the petition, and numerous exceptions to evidence introduced, which, in the view of the case taken by this court, need not be further noticed.

The court made a decree *nunc pro tunc*, as prayed, and hence this appeal.

HUDSON & HUDSON, and SMITH & SMITH, for appellants.— There is a remarkable similarity between this case and *Hud-*

[Dabney et al. v. Mitchell.]

*son & Hudson*, 20 Ala. 364. The record evidence introduced was not sufficient to uphold the order.

WILLIAM IVEY, *contra.*—This proceeding is commenced under § 796 of the Revised Code. That section gives authority to "complete" the minute entries, broader than that existing at common law. This is not strictly a motion to *substitute* a lost record. Under the section of the Code quoted, the court properly granted the application.—9 Ala. 101; 12 Ala. 288; *Harris v. Martin*, 39 Ala. 556.

BRICKELL, C. J.—Courts of record have an inherent power, without the aid of express legislation, to establish and substitute its records or any part of them, which may have been lost or destroyed. The practice proper to be pursued, independent of statutory provisions, has been clearly pointed out in former decisions of this court.—*McLendon v. Jones*, 8 Ala. 298; *Doswell v. Stewart*, 11 Ala. 629; *Atkinson v. Keel*, 25 Ala. 551. The former existence and the contents of the record lost or destroyed, may be proved by parol, or any secondary evidence, which does not disclose the existence of other and better evidence.—1 Green. Ev. § 509; *Forsaith v. Clark*, 1 Foster (N. H.) 409; *Jackson v. Cullum*, 2 Blackf. 228. The various statutes which have been enacted in this State authorizing the substitution of lost records, so far as they pertain to judicial proceedings, which from the constitution of the courts are necessarily matters of record, are merely affirmative of the principles of the common law, and provide merely cumulative remedies.—*Doswell v. Stewart, supra.*

In *Wilkinson v. Goldthwaite*, 1 St. & Port. 170, it is said, "By the very constitution of courts of justice, and to answer the ends of their creation, they have by the rules of the common law power so far to correct the omissions of their own ministerial officers by entering judgments *nunc pro tunc,* as not to allow their mistakes to defeat the purposes of justice. This question, however, is not strictly open for discussion in this State. It has long been the practice of the circuit courts to enter judgments *nunc pro tunc,* whenever essential to the interests of suitors, and where the record furnished sufficient *data* for such judgments." This power the court of probate had as a court of record, to prevent injustice, and to conform its records to the truth of the proceedings had in it. The statute, in declaring the authority of the judge of probate, provides, among others, the power he may exercise: "to complete the minute entries and decrees in causes in their courts, when the same are incomplete on account of their failure to make the necessary

entries at the time when they should have been made, but the necessary applications and proof must first be made; and such entries, orders or decrees are as valid and binding as if they had been made at the proper time."—R. C. § 796, 5$a$. The power to amend the record, or to enter a judgment *nunc pro tunc*, at common law, could only be exercised when the record furnished evidence on which the amendment was to be made or the judgment entered. The amendment, when made, or the judgment when entered, had relation to the time when the judgment should have been rendered, or the defect in the record occurred, and was as operative as if the record had been properly made up, or the judgment correctly entered in the instance. It is a matter of some difficulty to determine precisely what is the operation of the section of the Code to which reference has been made. If the entries on the records, or minutes, or the decrees, which are incomplete, can be completed only on record evidence, it is merely affirmatory of the common law—for, at common law, the power and duty to complete them, was as full and as imperative as under the statute. When completed they would at common law have had the very operation the statute declares they must have—they would have been "as valid and binding as if they had been made at the proper time." The statute is only declaratory of the common law, unless we impute to the words "necessary proof," a significance which would authorize the completion on evidence different from that which the common law required. When words of this kind are used in a statute and are not defined, we must look to the common law for the meaning which can properly be given them. It is the evidence or the proof, as it is the application, required by the common law, which it must be supposed the statute requires to be made—and not evidence or proof the common law rejected as inadmissible or insufficient. The dangers of subjecting records to amendment, or judgments to establishment, on parol evidence, are too apparent to permit an innovation on the well settled rules of the common law, or to deduce a legislative intent from the words of this statute to change them. The evidence which will authorize a judge of probate to exercise the power this statute confers, must, as at common law, be supplied by the record, and its sufficiency must be determined by the rules of the common law.

The application of the appellee was either to substitute a lost record of a final settlement and decree, or for the completion of the minute entries of the court of probate, so as to show a final settlement of his guardianship and the final decree rendered thereon. We pass over the demurrer to the application and the numerous exceptions to the evidence

[Dabney et al. v. Mitchell.]

which cumber the record, and direct our attention solely to an inquiry whether there was of record sufficient evidence on which the court could declare there had been a final settlement and a final decree, the minute entries of which were incomplete; or had there been such settlement and decree, the record of which was lost or destroyed.

In the last point of view the evidence could be by parol, but the former existence of the settlement and decree, its contents and loss, must be shown. Regarding the application as under the statute to complete the minute entries, or as addressed to the inherent power of the court to amend its records or enter a judgment *nunc pro tunc*, the evidence on which it can be supported must be of record. The only evidence offered in support of the application, discarding from consideration the bond of the guardian and the records of annual settlements, and the petitions for investment of funds and renting of lands, which furnish no aid in determining the question, the only record evidence, or evidence of any character, is the resignation of the guardian, the appointment of his successor, and the filing his accounts and vouchers for a final settlement—the appointment of a day for such settlement, of which notice was ordered, and the fee bill of the probate judge, found in the fee book, charging for fees on final settlement. This evidence is very far from showing the facts on which a final settlement could be based and a final decree rendered. The notice required by the order made on the filing of the accounts and vouchers, is not shown to have been given. The auditing and allowing of the accounts and vouchers on that day, and the ascertainment by the court of the state of the accounts, does not appear. The judgment or sentence then pronounced by the court is not shown. On such evidence it can not be affirmed there was a final settlement made, though it may have been proposed and the proceedings preliminary to it have been taken; nor that a final decree was rendered or what were its contents, nor that such decree was lost or destroyed.

The court of probate erred, therefore, in rendering judgment establishing the proposed final decree, and its judgment must be reversed and the cause remanded.