## Gammon & Deering v. Knudson et al.

1. **Records of Court**: MAY BE SUPPLIED. The power of supplying a new record when the original has been lost or destroyed is inherent in courts of record of general jurisdiction, independent of legislation.

2. ——: ——: JUDGMENT. Section 2521 of the Code does not limit the remedy of a judgment creditor, when the record of the judgment has been lost or destroyed, to the recovery of a new judgment.

| 46 | 455 |
|----|-----|
| 115 | 287 |
| 46 | 455 |
| 122 | 287 |
| 123 | 206 |

*Appeal from Emmet Circuit Court.*

Wednesday, September 19.

On the 3d day of February, 1877, the plaintiffs filed in the Emmet Circuit Court a motion for an order for the substitution and entry upon the records of the court of a record entry, in the place of the record of the action and judgment of the court made on the 10th day of February, 1876, but now destroyed. Attached to this motion was a copy of the record entry desired, and also an affidavit that on the 10th day of February, 1876, plaintiffs obtained against all the defendants a judgment for the sum of $121.91, together with $25.00 attorney's fee, and costs taxed at $8.00, which judgment is unpaid; that a proper record entry thereof was duly made in the

records of this court, but that the same was destroyed by fire on the night of the 24th day of October, 1876, with the court house and records of said county. Due notice of this motion was served upon the defendants. On the 22d day of February, 1877, the defendants, J. R. Jones and W. H. Shea, appeared by attorney and filed a "motion to strike from the files herein the papers and proceedings filed herein by plaintiffs purporting to be for the purpose of restoring a record in this cause, for the reasons: 1. That no such proceeding is provided for by statute. 2. That there is no authority in law for any such proceedings." The court sustained this motion. The plaintiff appeals.

*E. B. Soper*, for appellants.

*T. W. Harrison*, for appellees.

DAY, CH. J.—I. The destruction of court records by fire having become so common, the greatest loss and inconvenience

1. RECORDS of court: may be supplied.

would be sustained if courts did not possess the inherent power of replacing records lost by such, or other, casualties. It seems to be very thoroughly settled that such power exists, and the instances of its exercise are numerous. In *Keen et al. v. Jordan*, 13 Fla., 327, it is said: "The power of supplying a new record, when the original has been lost or destroyed, is one which pertains to courts of record of general jurisdiction, independent of legislation. It is an inherent power in such courts, and has been acted upon in this state in *Rhodes v. Mosely*, 6 Fla., 12, and in *Pearce v. Thackeray*, decided at January Term, 1870. In *Douglass v. Yallop*, 2 Burrow, 722, a new judgment roll, for a judgment rendered thirty years previous to a motion to supply the loss, was ordered to be made. In *Jackson v. Smith*, 1 Cairns, 496, a new *nisi prius* record was allowed to be made, upon motion and affidavit that the original had been lost or burnt, after six years. In *White v. Lovejoy*, 3 Johns., 448, a *fi. fa.* on which a levy had been made was burnt and the court ordered a new *fi. fa.* to be substituted. The power has been long and frequently exercised in Alabama. *McLendon v. Jones*, 8 Ala., 298;

*Doswell v. Stewart*, 11 Ala., 629; *Dozin v. Joyce*, 8 Porter, 303; *Williams v. Powell*, 9 Porter, 493; *Wilkinson v. Brandam*, 5 Ala., 608; *Lyon v. Bolling*, 14 Ala., 753; *Bishop v. Hampton*, 19 Ala., 792; 3 Ph. on Ev., 1066. Upon the destruction of any part of a record or of the process, pleadings, or orders, in a suit, the loss may be supplied by making up others in their stead, provided the court be reasonably satisfied that the proposed substitute is of the same tenor. Upon that the court where the suit is must exercise its own judgment. *Harris et al. v. McKae's Admr.*, 4 Iredell, 81."

In addition to the authorities cited in the foregoing quotation, see *Adkinson et al. v. Keel*, 25 Ala., 551; *Evans v. Thomas*, 2 Strange, 833; *King v. Bolton*, 1 Strange, 141. We have no doubt that the power invoked in this case exists at common law, and that it is not dependent upon statutory provision.

II. It is insisted, however, that under Sec. 2521 of the Code, where a judgment has been lost or destroyed, the only remedy is to sue thereon and obtain a new judgment. This section is as follows: "No action shall be brought upon any judgment, against a defendant therein, rendered in any court of record of this State within fifteen years after the rendition thereof, without leave of the court for good cause shown, and on notice to the adverse party; nor on a judgment of a justice of the peace of this State, within eight years after the same is rendered, except in cases where the docket of the justice, or record of such judgment, is, or shall be, lost or destroyed." It is evident that the only purpose of this section is to prevent a party holding a judgment from suing thereon and accumulating costs, whilst the judgment remains a lien and may be enforced without such suit. The exception in favor of judgments which have been destroyed was made because they are not in a condition to be enforced, without some judicial proceeding thereon and if the holder is willing to accept the disadvantages which would result from instituting suit thereon, he ought to be permitted to do so. We do not think this section was intended to take away any common law power over a lost judgment which before existed. A party's

rights might be much impaired, if he is compelled to resort to action and recover a new judgment, thus losing the lien of the old. The motion to strike from the files the papers and proceedings of plaintiffs should have been overruled.

REVERSED.