Loomis v. McKenzie.

---

## LOOMIS v. MCKENZIE.

1. **New Trial: LOSS OF EVIDENCE: PRACTICE.** After trial and judgment, and an appeal therefrom had been perfected, all the written evidence upon which the case had been tried was lost, without fault of the appellant, who thereupon served a notice upon the other party and the clerk that he had withdrawn his appeal, and filed a petition for a new trial, which was granted: *Held*, that the new trial was improperly granted. ADAMS, J., *dissenting*.

2. ——: ——: SUBSTITUTION OF. Courts have the power to supply any part of their record which may have been lost, and this power exists independently of statute. In the exercise of their general equity powers they cannot grant relief by giving a new trial on account of lost evidence, when the law affords a plain and direct remedy by permitting the substitution of evidence.

*Appeal from Delaware District Court.*

SATURDAY, APRIL 20.

AT the December Term, 1873, of the Delaware District Court, a decree was entered in this cause for defendant. On

the 23d of December, 1875, the plaintiff perfected an appeal from the decree to this court. After the appeal it was discovered that all the written evidence upon which the cause had been tried was lost, without fault of plaintiff, and thereupon he caused a notice to be served on defendant and the clerk of the court, on the 17th day of February, 1876, to the effect that he had withdrawn his appeal, and on the same day filed a petition for a new trial. It shows the facts just stated, and alleges that the decree is contrary to law, is not supported by the evidence, and is excessive, and that the plaintiff is unable to supply the lost evidence without retaking the same, and that without it he cannot prosecute his appeal to the Supreme Court. Upon a hearing of this petition a new trial was granted. Defendant appeals.

*J. M. Brayton,* for appellant.

*A. S. Blair* and *C. E. Bronson,* for appellee.

BECK, J.—I. A demurrer to the petition was overruled. This decision is made the ground of an objection by defendant. Plaintiff insists that, as defendant did not stand on his demurrer in the court below, the objection raised will not be considered here. The question of defendant's right to dispute the correctness of the ruling on the demurrer in this court is of no practical importance. The demurrer strikes at the very right of plaintiff to the relief sought, on the grounds stated in the petition. All questions raised by the demurrer, therefore, will be considered in reviewing the action of the court in granting a new trial. The ruling upon the demurrer need not be considered.

II. Upon proof of the facts alleged in the petition, the court set aside the decree, and granted a new trial. Is this decree justified by the evidence and the law? The determination of this question demands our attention.

It is insisted by defendant that, by the appeal taken by plaintiff, the District Court was deprived of jurisdiction in the

case, which could not be restored by the notice given to the other party and the clerk of the withdrawal of the appeal. As the case will be disposed of upon another ground, the questions presented in this position will not be considered.

We are brought to consider the correctness of the decision of the court below upon the facts of the case as presented by the record.

A dispute arises between counsel which relates to an amended abstract and a motion to strike out the same. The abstract shows that, in passing upon the question of plaintiff's right to a new trial, the District Court "found and decided that the decree was just and correct." The amended abstract shows that "it was not decided upon the trial (for a new trial) that the decree and judgment were just and correct." The correctness of the decree seems not to have been passed upon in granting the new trial.

The question as to the contents of the record before us, or rather what it should contain, we will not consider, for the reason that our conclusion will be the same whether we regard the record as presented either by plaintiff or defendant to be the true one. We will, therefore, consider the case upon the amended abstract, conceding, without deciding, that it is correct.

The question is, in this view of the case, brought within this narrow limit: Was the loss of the testimony upon which the case was tried, without fault of either party, sufficient ground for setting aside the decree and granting a new trial?

1. NEW TRIAL: loss of evidence: practice.

It will be observed that the petition for the new trial was filed after the term at which it was rendered. The Code provides that this may be done, and the relief prayed for may be granted in certain cases. See section 3154. It is argued by plaintiff that, under the first and seventh paragraphs of this section, authority is found for the proceeding and order under consideration. The first is that new trials on petition may be granted "within the time and in the manner prescribed by

the section on new trials," being section 2837.  The seventh is that new trials upon petition may be granted "for unavoidable casualty preventing the party from prosecuting or defending."

Section 2837 contains no provision applicable to the case before us.  It cannot be so construed as to authorize a new trial on account of the destruction or loss, after trial and judgment in the court below, of the written evidence upon which the case had been tried, or for the loss or destruction of any other part of the record.

The seventh paragraph of section 3154 affords no support for the proceedings.  It contemplates the case of "unavoidable casualty or misfortune preventing the party from prosecuting or defending."  It cannot be said a party is prevented from prosecuting or defending a case by a matter occurring after judgment.

But it may be said he is prevented from prosecuting or defending an appeal in the case.  But no such meaning can be put upon the language.  It unmistakably refers to casualties which prevented the prosecution or defense at the trial upon which the judgment was entered.  This view would be inconsistent, too, with plaintiff's theory of the case.  He maintains that no appeal is pending in the case.  If this be true, he cannot be entitled to the relief he asks, for there is no case pending on appeal from the decree which he can prosecute.  Now there never can be an appeal if the relief be granted, for the decree will be set aside.  But, if it be held that an appeal is pending, it presents but another horn of the dilemma.  In that case the District Court had no jurisdiction of the case, and could not set aside the decree.

We fail to find any foundation in the statutes for the proceeding, and to authorize the relief granted therein.

III.  It is argued that, if the statute provide for no relief, the District Court, in the exercise of its equity powers, could 2. ——: ——: set aside the judgment and order a new trial, to
*substitution of.* secure to plaintiff relief from the consequences

that would follow the loss of the testimony upon which the case was tried. That the court could grant relief to the party suffering on account of the loss of the written testimony cannot be doubted. If such relief would be secured by granting a new trial, it would impose hardship and probable loss on the other party, and relief for that reason could not be pursued in that way, certainly not when the same aid may be attained in a manner recognized by the law which would have no such inequitable results. It may be granted without prejudice to the interest and rights of the other party, by the exercise of the power conferred by law upon all courts of record, in a proper case, to supply their lost records by substituting new rolls.

The written testimony in this case which was lost constituted a part of the record. See Code, §§ 2742, 3184, 196. The power of courts to supply, in a proper case, their own destroyed or lost records exists independently of statute, and may be exercised whenever protection of the rights of parties demands it. See *Gammon & Deering v. Knudson et al.*, 46 Iowa, 455; Freeman on Judgments, § 89, and authorities cited. The law provides a plain and direct remedy for the plaintiff, in which his rights may be secured without prejudice to defendant. That remedy, and that alone, he can pursue in this case.

It is our conclusion that the proceedings in this case are not authorized by the law and the rules of equity. The order or decree granting a new trial is, therefore,

REVERSED.

ADAMS, J., *dissenting.*—I have no doubt that where the evidence in a case is lost after judgment, and before hearing in the appellate court, if either party desires to further prosecute or defend by appealing, the evidence should be substituted if it can be done. Where a copy of it has been preserved no difficulty could arise. Possibly, in some cases, it might be substituted, in the absence of a copy, by proving

from the memory of witnesses what the evidence was. But in many cases this would be utterly impracticable. Only so much could be substituted as witnesses could remember of it. That would ordinarily be less than the whole, and oftentimes we may presume much less. The rights of either appellant or appellee would be exposed to great danger.

I think, therefore, that where the evidence in a case is lost after judgment, and it is impracticable to substitute it, and either party desires to further prosecute or defend his case by appealing, and the evidence was lost without his fault, the court may, in its discretion, grant a new trial. I think this is expressly provided for in section 3154 of the Code, subdivision 7. Where a person desires to prosecute or defend his case by appealing, and the evidence is lost after judgment, without his fault, and cannot be substituted, he is prevented from prosecuting or defending by unavoidable casualty. My associates consider that the prosecuting or defending a case by appealing is not prosecuting or defending it within the meaning of the statute. But no reason satisfactory to my mind is given for arriving at such a conclusion.

It is said that the plaintiff in this case maintains that no appeal is pending, and that that theory is inconsistent with the relief he asks; but I am unable to so conclude. He is not prosecuting his case by appeal, because he is prevented. He therefore asked and obtained an order for a new trial, not to enable him to appeal from the judgment rendered, but to enable him to further prosecute his case in the only direction in which it was practicable. The law designs, as I understand it, to provide that a person's right to prosecute his case should not be terminated until judgment shall be rendered in the appellate court. If he would otherwise be prevented by unavoidable casualty, it provides that a new trial shall be granted. I see no error in the ruling of the court below, and think that its order granting a new trial should be

AFFIRMED.

ON REHEARING.

ROTHROCK, CH. J.—I.    Within the proper time after the filing of the foregoing opinions in this cause a petition for rehearing was presented.    A re-argument was ordered and the cause has again been submitted for our consideration.    We have again carefully examined the original arguments in connection with the arguments upon the rehearing, and a majority of the court are satisfied that the former opinion, reversing the decree of the court below, is correct.

It is again insisted that a new trial was properly granted under subdivision 7 of section 3154 of the Code, for "unavoidable casualty or misfortune preventing the party from prosecuting or defending."

We desire to add but little to the former opinion upon that branch of the case.    The unavoidable casualty or misfortune refers to something which transpired before the judgment was rendered which prevented the party from prosecuting or defending the action.    It has no reference to prosecuting or defending an appeal from the judgment.

II.    It is again urged that the granting of a new trial to supply the lost evidence was within the general equity powers of the court.    In our judgment the fundamental error in this petition is that it ignores the rights of the successful party in the original action.    However innocent he may have been in the matter of the loss of the evidence, it is claimed his decree should be set aside, and a new trial granted, to enable his adversary to supply the lost evidence.    If the only effect of such new trial were to supply the lost evidence, the judgment of the court below might not be objectionable.    It would leave the decree intact, to be reviewed upon appeal.    But it does more than this.    Upon the granting of a new trial, amendments may be made to the pleadings, new issues may be framed, and new evidence introduced; in short, the former decree must be ignored, and stand for nothing.

Loomis v. McKenzie.

It is urged that the case is exceptional, and that the lost evidence cannot be supplied by substitution, because there is nothing from which to substitute.

The substitution of lost papers is an every-day practice in the courts of this State, and where no copies have been preserved it is usual, at least in case of lost pleadings, to allow substitution of others containing the substance of those which have been lost. It frequently occurs that, upon appeal to this court, some part of the record has been lost or mislaid. In such cases the practice is, upon a sufficient showing, to continue the appeal until a motion can be made in the court below to complete the record by substitution. It is not for this court to judicially determine that this cannot be done in any case.

The question is not before us for determination, and we do not decide it, but we can see no good reason why the court below, upon a sufficient showing, may not in any case order the evidence to be retaken if necessary to complete the record for the purpose of a trial upon appeal in this court. It is certain that courts possess the most ample powers to preserve their records, and to supply those which are lost or destroyed. But this power is radically different from setting aside decrees and judgments, and granting new trials.

We are asked to retain this cause, suspend the original decree, and direct that the evidence be retaken. This would be of no avail to the appellee. He withdrew his appeal more than two years ago. As we hold the loss of the evidence was not a sufficient cause to set aside the decree and grant a new trial, and that the decree is still in full force, there is no power or jurisdiction in this court to extend the time for taking an appeal.