LOWRANCE V. RICHARDSON.

No. 762, Ind. T.   Opinion Filed March 9, 1909.

(100 Pac. 529.)

1. **RECORDS—Lost Record — Power to Supply.** The Supreme Court, by virtue of its general and plenary jurisdiction, as well as by Wilson's Rev. & Ann. St. Okla. 1903, sec. 5903, has power to supply a lost record.

2. **DEPOSITIONS—Admissibility—Irregularities.** It was error for the trial court to admit in evidence a deposition on behalf of plaintiff, which failed to show that deponent was sworn and contains no caption or certificate, and was duly excepted to, assigning those grounds, pursuant to Mansf. Dig. secs. 2954-2958, incl. (Ann. St. 1899, secs. 2069-2073), said exceptions overruled and exceptions saved, before the commencement of the trial.

(Syllabus by the Court.)

*Error from the United States Court for the Southern District of the Indian Territory at Pauls Valley; J. T. Dickerson, Judge.*

Action by Mrs. J. B. Richardson against W. B. Lowrance. Judgment for plaintiff, and defendant brought error to the United States Court of Appeals in Indian Territory, whence the cause

was transferred to the Supreme Court of the State of Oklahoma. Reversed and remanded.

On March 9, 1901, Mrs. J. B. Richardson, defendant in error, plaintiff below, sued W. B. Lowrance, plaintiff in error, defendant below, in the United States Court for the Indian Territory, Southern District at Pauls Valley, in trespass *vie at armis,* charging in her complaint, in substance, that on the ——— day of January, 1901, she being at her home near Sulphur Springs, Ind. T., there being then and there a serious difficulty between her husband and defendant, she, while attempting to hide a gun belonging to her husband, was wilfully assaulted by plaintiff, who jerked and wrenched the said gun from her hands with such force and violence that it twisted, wrenched, wounded, and bruised her hips, side, and back, causing internal pain and injury and seriously shocked her nervous system, in consequence of which she was disabled for a long time and confined to her bed under the care and treatment of a physician, and prayed judgment for $2,000 damages. On April 16, 1901, defendant filed answer and afterwards a supplemental answer, in effect, a general denial, and in which he alleged, in substance, that he used no more force than was necessary in taking the gun away from plaintiff, which he did while she was advancing with the muzzle pointed towards his son and a hired hand, in a threatening manner, and that she yielded it up without resistance. There was a trial to a jury, which resulted in a judgment for $800 damages in favor of plaintiff and against defendant, and after motion for a new trial and amendment thereto filed and overruled defendant prosecuted the cause by writ of error to the United States Court of Appeals in the Indian Territory, and the same is now before us for review as successor to that court.

*Eugene E. White,* for plaintiff in error.

*Marion Henderson, J. B. Thompson,* and *Claude Weaver,* for defendant in error.

TURNER, J. (after stating the facts as above). At the time this cause was submitted, there was also submitted a motion on behalf of plaintiff in error filed July 14, 1908, for leave to file a substituted assignment of errors, on the grounds: That the original in due form had been filed by the attorney for plaintiff in error with the petition for a writ of error in the office of the clerk of the United States Court for the Southern District at Pauls Valley; that for some reason unknown said clerk had transmitted the original with the other papers in the cause to the United States Court of Appeals in the Indian Territory and retained no copy; that without fault on the part of said attorney said assignment of errors was not printed in the record by the clerk of said United States Court of Appeals and is lost; that the assignment of errors tendered as a substitute with the motion was as near a true copy as could be had under the circumstances and contained no new assignment, but that all were taken from the motion of plaintiff in error for a new trial. And prayed that the assignment tendered be by proper order substituted for that which was lost and made part of the record. The motion was supported by an affidavit of plaintiff in error and his attorney, who filed the original with the clerk of the trial court. Accompanying the motion was a notice to defendant in error, and her attorneys of the proposed filing. On August 26, 1908, defendant in error filed a motion to dismiss this appeal on the ground of failure to file said assignment, which said motion is unsupported by affidavit and proof of loss is not controverted. We are of the opinion, and it is so ordered, that the motion to dismiss the appeal should be overruled, and the motion to substitute the record sustained, and the substitution allowed, as the practice pursued in this instance to restore a lost record is substantially in conformity to Wilson's Rev. & Ann. St. 1903, § 5903; but the power of courts of record to supply on proper proof their own lost or destroyed records exists independent of any statute by virtue of their inherent power, and such statutes as are enacted upon the subject are merely cumulative and do not impair the power otherwise

residing in the courts. 1 Freeman on Judgment, § 89, where the practice in proceedings invoking the courts inherent power is laid down substantially as in the section of statute, *supra.* See, also, 13 Enc. Pl. & Pr. 372; *Tomlinson v. Funston,* 1 G. Greene (Iowa) 544; *McLendon v. Jones,* 8 Ala. 298, 42 Am. Dec. 640; *Dabney et al. v. Mitchell,* 54 Ala. 198; *Gannon & Deering v. Knudson et al.,* 46 Iowa, 455; *Shiver's Ex'r v. Shiver et al.,* 45 Ala. 349; *Lilly v. Larkin,* 66 Ala. 110, 122; *Whitney v. Jasper Land Co.,* 119 Ala. 497, 24 South. 259; *Adkinson et al. v. Keel,* 25 Ala. 551.

There is practically no conflict in the testimony up to a certain point. It discloses: That at the time of the assault complained of, Mrs. Richardson, plaintiff below, and her husband were tenants of. the defendant, Capt. Lowrance, on his farm some few miles from Sulphur, Okla., in what is now Murray county; that their house was near the public road in a large field containing their ungathered crop and those of other of his tenants unseparated other than by a turn row; that their term expired December 31, 1901; that they had been given notice to quit, but were holding over; that complaint had been made to defendant by the other tenants owning crops in the same field that the husband was turning stock in on the crops; that on the morning of the difficulty defendant with two of his sons and two hired men went to the field on horseback for the purpose of driving out depredating stock; that they passed into the field for that purpose, near plaintiff's house; that defendant and one of his hands remained out near the lot gate, while the remainder of the party rode into the field and returned with some 33 head of stock, which they drove to the west of the lot and there turned them into the road. Here the testimony conflicts. Plaintiff alone testified: That, while the hands were rounding up the cattle, her husband and defendant entered into an altercation concerning the matter; that she was in the house apprehending a difficulty; that when she saw the stock being turned into the road she picked up a loaded double-barrel shotgun and started in that direction to look after a certain calf she thought was in the bunch; that she got over the fence

at the house with the gun on her shoulder, and passed her husband and the hired hand on foot and defendant on horseback a few yards to her left; that she was going west on the road with the gun on her shoulder, and, when within some 40 yards of the hands who were with the cattle, defendant galloped up, dismounted, stepped up behind her, grabbed the barrel of the gun still resting on her shoulder, and wrenched it from her grasp in such a violent manner as to strain and wrench her back, hips, and flank, which is the injury for which she sues. Five witnesses on behalf of defendant testify that there was no altercation, and that as plaintiff approached with the gun on her shoulder some one shouted about her going to shoot, at which defendant galloped up, dismounted, and took the gun from her without resistance of any kind.

To maintain the issues on her part and to corroborate her, plaintiff introduced in evidence and had read to the jury what purported to be the deposition of Dr. J. L. Clark, who, in substance, among other things, stated: That he was called in to see plaintiff at her home immediately after the difficulty; that she was in bed seemingly unconscious, bleeding at the mouth and suffering from a strain in her left flank, which in his opinion was caused by a wrench or quick turn; that he visited her every few days for six weeks until she was better. Prior to the trial counsel for defendant had formally excepted to this deposition, which was overruled, and exceptions saved and at the time it was offered in evidence renewed their objections and exceptions. Said exceptions were as follows:

"Comes the defendant and excepts to the admissibility in evidence in this case of the paper which purports to be a deposition of one Dr. J. L. Clark, because: First, the paper does not show that the witness was sworn; second, it contained no caption and does not show the time or place or before what officer it was taken; third, it does not show that it was taken before an officer authorized by law to take depositions; fourth, it does not contain the certificate of the officer before whom it was taken, as required by law; fifth, the said paper was only a written statement, is not sworn to, and is not in any respect a deposition within the mean-

ing of the law, and of this defendant prays judgment of the court, which said' exceptions the court overruled, to which defendant excepted."

, And this constitutes the only assignment of error necessary for us to consider. What purported to be the deposition excepted to is a part of the bill of exceptions. That this was the proper method of assailing it goes without saying. Mansf. Dig. §§ 2954-2958 incl. (Ann. St. 1899, §§ 2069-2073). It also goes without saying that said deposition in no way conforms to the statutory requirements, and that the court erred in overruling the exceptions thereto and in permitting the same to be read to the jury. It is insisted, on the one hand, that the record is a faithful reproduction of said deposition, and, on the other hand, that the deposition "contained a formal notice to take depositions, a waiver of service, a caption, the certificate of the notary, and all the preliminary and statutory formalities," and which for some "mysterious reason" was omitted from the record. In proof of this it is pointed out that the record contains the following entries:

"No. 1,121. Mrs. J. B. Richardson v. W. B. Lowrance. Comes now defendant and filed exceptions to the admission of certain depositions filed herein as evidence."

"No. 1,121. Mrs. J. B. Richardson v. W. B. Lowrance. Comes on now to be heard defendant's exceptions to the admission of certain depositions filed herein, and the court being advised doth in part refuse the admission of said depositions. Whereupon defendant asks leave and was granted permission to amend exception to the admission of said deposition. Counsel for the plaintiff at this time again presents the matter as to form of depositions, having discovered that the certificate of notary public attached to deposition was in due form, and the court being fully advised in the premises doth overrule said exceptions to admission of said· depositions, to which ruling of the court the defendant then and there in open court excepts."

From which it would seem that one of the depositions excepted to and passed on by the court did contain a certificate of the notary, and that the same was sufficient; but whether the same was the deposition of Dr. J. L. Clark nowhere appears.

For this error the judgment of the lower court is reversed, and remanded for a new trial.

All the Justices concur.