## HENRY K. REUTLINGER v. STATE.

No. A.-6512.   Opinion Filed May 25, 1929.
Rehearing Denied June 8, 1929.
(277 Pac. 950.)

Mauntel & Spellman, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Woods county for a second and subsequent violation of the prohibitory liquor law, and his punishment fixed at a fine of $750 and imprisonment in the state penitentiary for a term of two years. The record discloses that on the 9th day of April, 1921, defendant pleaded guilty to a charge of possessing 35 gallons of intoxicating liquor with intent to sell the same, and paid a fine of $500 and served 60 days in the county jail of Woods county.

The record further discloses that on the 25th day of August, 1926, the defendant was found in possession of 80 gallons of wine and one quart of whisky. A trial to a jury upon this charge resulted in a verdict of guilty, the jury fixing the defendant's punishment at a fine of $750 and imprisonment in the state penitentiary for two years.

The defendant assigns numerous grounds of error, but groups them all under his third and fourth grounds: "That the affidavit and search warrant were illegal and insufficient and that all the evidence on behalf of the state is based solely upon a substituted search warrant supported by a substitute affidavit for a search warrant."

The defendant tried his case in the court below upon the theory that the burden rested upon the state to establish the sufficiency of the affidavit for search warrant and the legality of the search and seizure. This court has repeatedly held that the burden rests on the defendant, and not on the state, to establish the insufficiency of the affidavit and the illegality of the warrant and the search thereunder. The presumption of law is that the affidavit and warrant were sufficient and that the search was legal, and it was incumbent upon the defendant to establish the illegality of the proceeding before the court would be authorized to suppress the evidence.

In the case of Ray v. State, 43 Okla. Cr. 1, 276 Pac. 785, this court said:

"The burden of proving the invalidity of the search rested on the defendant and not on the State."

It appears from the case-made that the original affidavit and the original search warrant with the return thereon issued in the case were lost or destroyed. On the preliminary hearing of the defendant, the county judge, who was sitting as a magistrate, ordered the county attorney to supply a substitute affidavit and substitute search warrant, and upon the introduction by the state, of these substitutes, overruled the motion to suppress the evidence and bound the defendant over for trial in the district court. Before the trial of the case in the district court the trial judge required the state to establish the

identity of the substituted affidavit and search warrant, and, upon the same being properly identified and offered in evidence, overruled the defendant's motion to suppress the evidence taken under the search warrant. It is admitted by the defendant that an affidavit for search warrant was made and filed and a warrant duly issued and served. The presumption is that the substituted copies of the affidavit and search warrant were true and correct and the burden rested on the defendant to show otherwise. The defendant having failed to make a sufficient showing to the contrary, this court will presume that the substituted copies were true and correct copies of the originals.

In the case of Lowrance v. Richardson, 23 Okla. 343, 100 Pac. 529, the Supreme Court of this state held:

"The power of courts of record to supply on proper proof their own lost or destroyed records exists independent of any statute by virtue of their inherent power, and such statutes as are enacted upon the subject are merely cumulative and do not impair the power otherwise residing in the courts."

If the defendant desired to have proper substitute records introduced on his showing that the originals were lost, he could have invoked the inherent power of the court; but, since he did not do so, he cannot now complain that the state produced less than the defendant was entitled to have introduced in the record.

The defendant offered no evidence in the case and, relies for a reversal upon the technical objection that improper records were introduced by the state and for that reason all the evidence offered by the state taken under the search and seizure proceedings were incompetent.

In the case of Ables v. State, 35 Okla. Cr. 26, 247 Pac. 423, this court said:

"Error must affirmatively appear from the record; it is never presumed. Every presumption favors the regularity of the proceedings had upon the trial. The plaintiff in error must affirmatively show prejudicial error; otherwise the judgment of the trial court will be affirmed."

Section 2943, C. O. S. 1921, provides:

"Neither a departure from the form or mode prescribed in this chapter in respect to any pleadings or proceedings, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant or tended to his prejudice, in respect to a substantial right."

In the case of Ray v. State, 35 Okla. Cr. 322, 250 Pac. 438, this court said:

"This court will not reverse a judgment on account of the exclusion of evidence or for the improper admission of evidence, or for errors occurring at the trial, unless upon an inspection of the entire record it is of the opinion that there has been a miscarriage of justice, or that the errors are a substantial violation of a constitutional or statutory right."

The evidence in this case is amply sufficient to support the verdict of the jury, and the trial court having committed no error that deprived the defendant of a constitutional or statutory right, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.