GLENN BEAMAN v. STATE.

No. A-9636. March 28, 1940.
(101 P. 2d 281.)

160

E. W. Snoddy and L. Z. Lasley, both of Alva, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Bill Gruber, Co. Atty., of Alva, for defendant in error.

JONES, J. The defendant Glenn Beaman was charged in the county court of Woods county with the offense of unlawful possession of intoxicating liquor, was tried, convicted and sentenced to serve a term of 30 days in the county jail and to pay a fine of $100 and costs, and has appealed to this court.

The defendant assigns as error:

(1) The purported arrest of the defendant was in violation of his constitutional rights; that all the evidence obtained by the officers subsequent to such arrest was not admissible against him.

(2) Error of the court in permitting the county attorney to file a substitute information.

(3) Error of the court in permitting the state to introduce in evidence the liquor obtained at the time of the arrest without first having the same properly identified.

The evidence herein shows that an affidavit for search warrant was filed before the county judge of Woods county on January 25, 1938, at which time a search warrant was issued for a DeSoto sedan automobile, series 1937, Oklahoma Tag No. 495-100, motor No. S-3-39289.

That the sheriff and two deputies of Woods county immediately after receiving the search warrant went to where the automobile in question was parked, in front of a house just south of the town of Waynoka. That the officers stopped at the above-described automobile and saw the defendant coming from the house carrying a basket. That the sheriff testified he said to the defendant:

"Jimmie, this is Ken and his deputies. I have a search warrant for your car. He said he didn't have any car, and Nels Nelson spoke up and said, 'This tag number here is the tag number,' and Jimmie says, 'What I meant is that I don't have any liquor in the car. This is all the liquor I have.' And then he handed me a basket he had been carrying."

"Q. Did you examine the contents of the basket at that time? A. Yes, sir. Q. What did the basket contain? A. Ten pints of whisky; one pint of gin; eight and one-half pints of alcohol."

The officers then related that they searched the car and did not find anything, and then they placed the defendant under arrest and brought him to Alva. One of the officers testified that he broke the seal on certain of the bottles in order to taste, smell or otherwise determine the contents of the bottles; and he identified the three bottles whose seals had been broken by him as con-

taining whisky, alcohol and gin, and that the other bottles whose seals were not broken were identical in size and shape as those whose seals were broken. That they had like stamps and labels as those whose seals were broken. With this showing, the bottles of liquor were admitted in evidence.

The defendant rested his case without offering any evidence in his behalf.

There is no merit to the contention of the defendant that this was an unlawful search. The officers did not know the contents of the basket which the defendant was carrying, and he was not arrested until after he had voluntarily handed the officers the basket of liquor and they had finished searching his automobile. No arrest had been made of the defendant, and it is apparent from the record that no arrest would have been made if the defendant himself had not voluntarily delivered to the officers the basket of liquor.

This was committing a misdemeanor in the presence of an officer, and the officer had a legal right to arrest the defendant. Section 2780, O. S. 1931, 22 Okla. St. Ann. § 196; Brumley v. State, 69 Okla. Cr. 122, 100 P. 2d 465.

The defendant in support of his second assignment of error cites section 2831, O. S. 1931, 22 Okla. St. Ann. § 1275, and section 810, O. S. 1931, 67 Okla. St. Ann. § 1.

Section 2831, O. S. 1931, 22 Okla. St. Ann. § 1275, provides:

"The clerk of the district court shall keep a record in which all indictments, informations and bonds shall be entered and certified as true and correct copies of all original indictments, informations and bonds filed in his

office, and whenever any such original indictment, information or bond filed with the clerk becomes either lost, destroyed or stolen, or for any other reason cannot be produced at the trial, a certified copy of the aforesaid record of such original indictment, information or bond shall be competent evidence and shall have the same validity and effect as the original thereof."

Section 810, O. S. 1931, 67 Okla. St. Ann. § 1, provides:

"Whenever the record of any judgment or decree, or other proceeding, of any court of this state, or any part of the record of any judicial proceeding or any other public records, shall have been lost or destroyed, any person interested therein may, on application by petition in, writing, under oath, to the proper court of the county wherein the records were kept, on showing, to the satisfaction of such court, that the same has been lost or destroyed without fault or neglect of the person making such application, obtain [an] order from such court, authorizing such defect to be supplied by a duly certified copy of such original record, where the same can be obtained; which certified copy shall, thereafter, have the same effect as such original record would have had, in all respects."

We have heretofore held in the case of Reutlinger v. State, 43 Okla. Cr. 261, 277 P. 950, that the power of courts of record to supply on proper proof their own lost or destroyed records exists independent of any statute by virtue of their inherent power, and such statutes as are enacted upon the subject are merely cumulative and do not impair the power otherwise residing in the courts. See, also, in this connection, the case of Lowrance v. Richardson, 23 Okla. 343, 100 P. 529.

There is no contention made by the defendant that the substitute information charges a different offense from the original information or that the defendant has

164

been prejudiced in any manner. Error must affirmatively appear from the record. The contention of the defendant is highly technical and wholly without merit.

The third contention of the defendant, that the court erred in admitting as evidence the bottles of liquor obtained by the officers, is likewise without merit. The officers testified positively as to the contents of the bottles which they had tasted. The bottles of liquor which had been tasted by the officers, together with the other bottles, were all admitted in evidence. Their size, shape, contents, the government stamps, and the labels were all the same. They were all circumstances which the jury might consider in determining the question as to whether or not the other bottles contained intoxicating liquor.

A prima facie case was made against the defendant, the instructions of the court properly presented the issues, and we find no error of sufficient merit to warrant the reversal of this case.

The judgment is accordingly affirmed.

DOYLE, P. J., and BAREFOOT, J., concur.